The STATE of Ohio, Appellant,

v.

WOODS, Appellee.

[Cite as *State v. Woods* (1996), 113 Ohio App.3d 240.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15392.

Decided Aug. 2, 1996.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, for appellant.

*Lynn Koeller,* Montgomery County Public Defender, and *Anthony R. Cicero,* Assistant Public Defender, for appellee.

---

BROGAN, Presiding Judge.

The appellant, the state of Ohio, appeals, pursuant to R.C. 2945.67 and Crim.R. 12(J), from the judgment of the Montgomery County Court of Common Pleas which sustained appellee Richard Lee Woods's, motion to suppress evidence. The state brings one assignment of error.

The court related the following factual findings established at the hearing on Woods's motion to suppress:

"Officer [Kenneth Daley of the Dayton Police Department] and his partner were assigned to surveil an address known as 200 Metro Gardens. This was an apartment suspected to be used for the sale of crack cocaine. The officers had surveilled this premises in the recent past and had made numerous drug arrests at the precise location.

"The officer testified that the Defendant pulled up in front of the apartment, turned off his truck, got out with his female passenger, and approached the door to 200 Metro Gardens. The Defendant then pounded on the door, looked around in a 'suspicious' nature, and went inside. After approximately two minutes, the Defendant reappeared, looked around again in the same fashion, and then proceeded back toward his truck together with the female who had accompanied him into the house.

"The officer testified that he and his partner came out from an alley area where they had been watching and, as they were seen by the Defendant, the Defendant started walking faster, approached his truck, and opened the door. At that time, the officer approached the Defendant and started to talk with him while his partner went to the passenger side with the female. The Defendant had his door wide open, but had not yet entered the truck. The Defendant

turned toward the officer and kept his right hand behind his back. The officer testified he could see the holster of a pistol under the seat and a bullet on the front floorboard in plain view. The officer asked the Defendant if he had any weapons and instructed him to move his right hand from behind his back. The officer says that the Defendant brought his hand back in front, but put his thumb and forefinger into the change pocket of his pants prior to opening his hand. The officer then conducted a pat-down for weapons, at which time he says that he felt a small, irregular shaped object which he immediately believed to be crack cocaine in the front change pocket. The officer testified that he was not wearing gloves and that he felt this object with the palm of his hand. The officer then reached into the pocket and removed one piece of suspected crack cocaine weighing less than one (1) gram."

A Montgomery County Grand Jury indicted Woods on one count of drug abuse, R.C. 2925.11(A). Woods moved to suppress the crack cocaine that the officer had seized. Following the hearing, the court sustained the motion. Although the court found that the stop was a valid consensual encounter and that the protective frisk was justified, it rejected the state's assertion that the cocaine seizure was appropriate under the "plain feel" exception to the warrant requirement of the Fourth Amendment. See *Minnesota v. Dickerson* (1993), 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334. The trial court stated the following in granting the suppression motion:

"The plain view and plain smell doctrines have both been accepted by the courts of this state and this court finds that the plain feel exception is similarly constitutionally sound, even under the Ohio Constitution. At the same time, the search must be subject to review by a court. For example, although the plain view doctrine is constitutional, if an officer were to testify that he could tell in a large darkened room and without artificial enhancement that certain property was such obvious contraband as to justify seizure of the property, no court would have a problem determining the conduct to be unacceptable and in suppressing its fruits. Similarly, if an officer were to testify he could smell marijuana in the trunk of a car from a substantial distance through yards of insulation or other material packed around the marijuana, a court would, upon review, find the exception not to be applicable.

"In the case now before the court, the court cannot find that the officer's actions comport with the Constitutions' (both Ohio and United States) mandate. It is simply not objectively reasonable to conclude that a quick pat-down of the defendant's waistband for weapons permitted the officer to feel with his palm an object measurable only in tenths of a gram which he readily determined to be crack cocaine in the change pocket of the defendant's jeans. Plain view, plain feel and plain smell are exceptions to the warrant requirement of the Fourth

Amendment and therefore must be narrowly construed; in this instance, given the facts before the court, they must yield to plain sense."

This timely appeal followed.

The appellant brings one assignment of error:

"The trial court erred by not applying the totality-of-the-circumstances test to the officer's conclusion that the object that he had felt in defendant's pocket was a rock of crack cocaine."

■ The state argues that it is evident that the trial judge failed to evaluate Officer Daley's conclusion that the object he felt was a rock of crack cocaine in light of the totality of circumstances and in light of his experience. The state argues that the trial court improperly held the officer to a higher standard than probable cause that the object seized was crack cocaine.

In *Minnesota v. Dickerson* (1993), 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334, the United States Supreme Court held that if a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the subject's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.

In *Texas v. Brown* (1983), 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502, the United States Supreme Court held that the requirement of *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, that the nature of the object to be seized be immediately apparent is satisfied by the probable cause standard. In that case a police officer, conducting "a routine driver's license checkpoint," stopped the defendant's car and observed in the defendant's hand an opaque, green party balloon, knotted about one-half inch from the tip. The officer then shifted his position so that he could see in the open glove compartment and noticed several plastic vials, quantities of a white powder, and an open bag of party balloons. The officer seized the balloon, which the defendant had dropped to the floor of the car, and noticed a powdery substance within the tied-off portion of the balloon. The officer testified at the suppression hearing that, based on his previous experience in arrests for drug offenses, he was aware that narcotics were frequently packaged in balloons. The Texas Court of Criminal Appeals reversed the conviction, finding that it was not immediately apparent to the officer that the balloon contained narcotics. Justice Rehnquist, for the plurality, characterized the Texas court's standard to mean that the officer must be possessed of near certainty as to the seizable nature of the items. All nine of the justices rejected near certainty as too demanding.

Instead, the court found that the police officer need not know that the items in plain view are contraband or evidence of a crime. It is sufficient, according to the Supreme Court, that probable cause exist to associate the property with criminal activity. In reaching the conclusion that the officer had probable cause to believe that the balloon contained narcotics, the court relied on *United States v. Cortez* (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621, and held that the facts are to be reviewed in a manner allowing for all of the inferences that would be drawn by one versed in the field of law enforcement.

In the context of the plain view exception to the warrant requirement, the requirement that seizability be immediately apparent is satisfied if the officer has probable cause to associate an object with criminal activity. *State v. Halczyszak* (1986), 25 Ohio St.3d 301, 25 OBR 360, 496 N.E.2d 925. The standard of probable cause, rather than certainty, applies when the officer concludes that the object he has touched, rather than seen, is probably contraband.

The appellee argues that the trial court's determination that this "plain feel" search was not based on probable cause should be sustained because the trial court was in the best position to weigh the credibility of Officer Daley. We agree. Woods also points out that the trial court had the benefit of viewing the "pebble" retrieved from the appellee's pocket and could determine whether it was reasonable to believe that Officer Daley could have concluded that the pebble was probably crack cocaine from feeling it with the palm of his hand.

The trial court determined that Officer Daley's claim that he could make this determination with his palm was simply not credible. In a suppression hearing, the trial court assumes the role of trier of the facts. It is not the appellate court's task to reevaluate the evidence or a witness's credibility, but to determine whether the trial court's application of the law to the facts was appropriate. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, 981–982; *Toledo v. Harris* (1994), 99 Ohio App.3d 469, 651 N.E.2d 24.

There is nothing in the trial court's decision which suggests the court misconstrued the law as it applies to "plain feel" searches or the law that it was required to consider the surrounding circumstances in determining whether probable cause existed for the seizure. The court simply determined that it did not believe Officer Daley's claim that he could determine that the appellee's pocket probably contained crack with the palm of his hands. We must defer to that factual call by the court. The assignment of error must be overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.