DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State has appealed from a judgment of the Summit County Common Pleas Court that granted defendant's motion to suppress evidence found in a pill bottle in his pocket during a weapons patdown. It has argued that the trial court incorrectly granted the motion because the "plain feel" doctrine allowed the officer who patted down defendant to examine the contents of a pill bottle he found while conducting a weapons patdown of defendant. This Court reverses the judgment of the trial court because the "plain feel" doctrine justified the search of the bottle.
 I.
On December 8, 1996, at 1:00 a.m., Officer Schismenos and his partner, both of the Akron Police Department, were driving on South Arlington Street in Akron. That area was known for high levels of crime, including drug activity. The officers approached an apartment building at 14_ South Arlington Street. Defendant was standing on a sidewalk, leaning into the passenger window of a car parked in a loading zone in front of the building. The officers drove around the block and returned to the same spot. As they approached, defendant looked up, "appeared startled," and walked away quickly. The officers got out of their car. Officer Schismenos approached defendant, and his partner approached the person in the driver's seat of the parked car. As Officer Schismenos approached defendant, defendant appeared to shield the front of his body from view and placed his hand in his coat pocket. The officer asked defendant what he was doing, to which he replied that he was trying to get a CD player. Defendant's lips appeared to be cracked and burned, which the officer knew could be a result of smoking crack cocaine. The officer decided to pat down defendant to make sure he had no weapons. The officer never found anything on defendant that he feared might be a weapon.
During the patdown, as the officer placed his hand on defendant's upper right jacket pocket, defendant tried to grab his hand. The officer felt two objects in the pocket, one "long and cylindrical" and the other "smaller and cylindrical." One of the objects made a rattling sound, and the officer knew it was a prescription pill bottle. The officer had found in his experience that illegal drugs were often carried in such bottles. When the officer asked what was in the pocket, defendant replied, "Just a comb." The officer arrested defendant and removed the bottle. It was transparent, and the officer could see what appeared to be pieces of crack cocaine inside. Field tests confirmed that they were, in fact, crack cocaine.
Defendant was indicted for possession of cocaine, a violation of Section 2925.11 of the Ohio Revised Code. He moved the trial court to suppress the evidence, arguing that the search had violated his Fourth Amendment rights. On March 12, 1997, a hearing on the motion was held. On March 25, 1997, the trial court granted the motion to suppress, holding, in pertinent parts, as follows:
 The item which was identified by its plain feel was a prescription pill bottle. The further conclusion that the bottle contained contraband drugs was an educated guess on the part of the officer. There was nothing intrinsic about the shape of the pill bottle to reveal to the officer that it contained contraband.
* * *
The "plain feel" doctrine has expanded the limits of the search to items which, by their shape and tactile characteristics, can be identified as contraband by the searching officer.
The State seeks to expand the scope of the "plain feel" to containers which the officer believes are likely to contain contraband. Down that path, this Court cannot go. There are limitless items which may contain other items. The police may not, under the umbrella of self protection, shelter the fruits of a search which went beyond constitutionally established bounds.
The State timely appealed.
 II.
The State's sole assignment of error is that the trial court incorrectly granted defendant's motion to suppress because the "plain feel" doctrine allowed the officer who patted down defendant to examine the contents of a pill bottle he felt while conducting the patdown.[1] According to the State, the officer had probable cause, based on the surrounding circumstances, to associate the pill bottle with criminal activity. He was, therefore, justified in examining the bottle for contraband. Defendant, in contrast, has argued that, before the officer could search the bottle, it would have had to be "immediately apparent" to him that what he felt was contraband. At most, defendant has asserted, the officer merely believed that the bottle he felt might contain drugs; the trial court judgment, therefore, should be affirmed because it was not immediately apparent to the officer that the bottle contained contraband.
The United States Supreme Court, in Minnesota v. Dickerson
(1993), 508 U.S. 366, 124 L.Ed.2d 334, approved the "plain feel" doctrine in relation to a weapons patdown conducted pursuant toTerry v. Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889. In Dickerson, an officer who was patting down the defendant during a weapons frisk felt a lump in one of the defendant's pockets. He manipulated it with his fingers and, determining that it felt like a lump of crack cocaine in cellophane wrapping, removed it from the pocket and found that it was what he suspected. This occurred during the evening in a high-drug-activity area after defendant had come out of a building known for cocaine traffic, had started walking toward the police car, and had turned to walk away from the police car after noticing it and making eye contact with an officer.
The court analogized the situation to the "plain view" doctrine and held that, when an officer feels an object during aTerry-authorized patdown and the identity of that object is immediately apparent from the way it feels, the officer may lawfully seize the object if he or she has probable cause to believe that the item is contraband — that is, if the "incriminating character" of the object is "immediately apparent." See Dickerson, supra, 508 U.S. at 375, 124 L.Ed.2d at 345-346. See, also, State v. Evans (1993), 67 Ohio St.3d 405, 414, n. 5. The court further held that, under the facts in Dickerson, the evidence should have been suppressed because the incriminating character of the felt object was not immediately apparent to the officer. A further search — consisting of manipulation by the officer's fingers — had to be conducted before the officer determined that the object was contraband. That further search, not falling within the parameters established by Terry, was, therefore, unconstitutional. See Dickerson, supra,508 U.S. at 378, 124 L.Ed.2d at 347-348.
The "plain feel" doctrine has been applied by Ohio courts to uphold the denial of suppression motions in cases with facts similar to the ones in this case. In State v. Vaughn (June 27, 1997), Ashtabula App. No. 96-A-0063, unreported, 1997 Ohio App. LEXIS 2817, two officers responded to two anonymous emergency calls reporting alleged drug dealing in an area known for a large amount of drug trafficking. The officers were told that the participants were several black males, in dark clothing and dark hats, in a Cutlass. At the location, one officer recognized a black man who had previously been arrested for drug trafficking, and noticed him motioning to a Cutlass to leave the area. The Cutlass was being driven by the defendant and had one other passenger in it. The two men were both black and were both wearing dark clothing. The officers followed the Cutlass as it drove away, noting that the defendant was using a hand-held mirror to watch them follow. The officers stopped the Cutlass and one of them went to the driver's side window to speak to the defendant. That officer told the defendant to keep his hands on the steering wheel in plain view, but the defendant repeatedly lowered his hands to his sides. The defendant was ordered out of the car and patted down. During the patdown, the officer felt a pill bottle and heard a rattling sound from it. He testified that he had previously felt pill bottles like that one and that crack cocaine had been in those bottles. Although he did not fear that it was a weapon, the officer removed the bottle and tested its contents, which turned out to be crack cocaine. Based on these facts, the Eleventh District Court of Appeals concluded that the trial court correctly denied the defendant's motion to suppress:
 [W]e conclude that [the officer] had probable cause to remove the pill bottle and remove its contents: (1) two telephone calls reported drug activity in a specific area; (2) two black males in a blue Cutlass matched the general description given by the anonymous callers; (3) it was an area known for a large amount of drug activity; (4) a known drug dealer made what appeared to be a gesture to [defendant] to leave; (5) [defendant] used a hand-held mirror to observe the police cruiser behind him; (6) [defendant] repeatedly refused to keep his hands where [the officer] instructed him; and (7) the rattling of objects in a pill bottle of the type that [the officer] had observed crack cocaine in [in] the past. Therefore, based upon the totality of the circumstances, we conclude that upon the officer's touch and the subsequent rattle of the pill bottle, it was readily apparent to [the officer] that the bottle contained crack cocaine.
 Id. at *13.
In State v. Hunter (1994), 98 Ohio App.3d 632, the defendant was found by patrolling police officers talking to another man at 1:30 a.m. in an area known for high drug activity. The other man put a wadded-up plastic bag into the defendant's pocket as the officers approached the two men on foot, and the men began to walk away from the officers. The defendant was patted down for weapons. The officer felt the plastic bag that had been placed in the defendant's pocket by the other man. Based on his experience, he thought he had witnessed a drug transaction involving the bag earlier and suspected it contained illegal drugs. Although no evidence indicated that he believed the bag might be or contain a weapon, he retrieved it from the pocket and found that the bag contained crack cocaine. The Eighth District Court of Appeals held that the trial court had not erred in denying the defendant's motion to suppress: "[U]nder the totality of the circumstances, * * * the incriminating nature of the wadded up plastic bag was immediately apparent to the officer." Id. at 636.
Similarly, in this case, the totality of the circumstances justified the officer's search of the pill bottle: (1) defendant was leaning into a car window at 1:00 a.m. in an area known for crimes, including drug activity; (2) defendant appeared startled and walked away when he noticed the two officers; (3) defendant put something into his jacket pocket while turning the front of his body away from the officers' view; (4) defendant appeared to have cracked, burned lips, an indication of possible crack cocaine use; (5) while being patted down, defendant grabbed at the officer's hand; (6) the officer felt a prescription pill bottle, a type of container he knew was commonly used to carry illegal drugs; (7) the pill bottle rattled when patted; and (8) defendant said he had only a comb in his pocket after the officer felt the pill bottle and heard it rattle. To search the bottle, Officer Schismenos needed only probable cause to associate it with criminal activity, rather than certainty that it was contraband. See State v. Woods (1996), 113 Ohio App.3d 240, 244 (citing Statev. Halczyszak (1986), 25 Ohio St.3d 301, and extending its analysis to the "plain feel" context). The officer had probable cause to believe that what he felt in defendant's pocket contained contraband and was, therefore, authorized by Dickerson and the "plain feel" doctrine to retrieve and search the bottle.[2]
The trial court erroneously concluded that the fact that the officer felt only a container and not the contraband substance itself was sufficient reason to suppress the evidence in the container. The State's assignment of error is sustained.
 III.
The State's assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
BAIRD, J.
SLABY, J. CONCUR
[1] The issue of whether the patdown itself was justified has not been raised in this appeal.
[2] See, also, State v. Rushing (1996), 935 S.W.2d 30
(upholding the denial of a suppression motion in a case involving an officer who, after observing the defendant making an exchange with someone through a car window in an area known for high drug activity, patted down the defendant and retrieved from his pocket a container that felt like a type commonly used to carry illegal drugs).
Compare State v. Oborne (1994), 99 Ohio App.3d 577
(concluding that the record showed no factors, like some listed here, to support probable cause to search a container found during a weapons frisk), and State v. Edwards (Aug. 19, 1996), Stark App. No. 1996CA00047, unreported (noting that the testimony showed that the identity of a pill bottle as contraband was not immediately apparent to the officer; the officer only "thought" the felt object was "probably" a pill bottle).