DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Richard Russo, has appealed from a conviction by the Medina County Court of Common Pleas for possession of drugs. We affirm.
On July 1, 1998, Defendant was indicted on one count of possession of powder cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a). On October 2, 1998, Defendant filed a motion to suppress all evidence against him on the grounds that it was obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 14 and 16
of the Ohio Constitution. Following a hearing and briefing by the parties, the trial court denied Defendant's motion to suppress. On February 8, 1999, Defendant pled no contest to the charge and was found guilty of possession of drugs. Defendant was sentenced to one year of community control subject to the supervision and control of the Adult Probation Department; electronic monitoring for one hundred and eighty days; random urinalysis; and license suspension for one year with occupational driving privileges. Defendant was also ordered to pay all costs of prosecution, court appointed counsel costs, and the fifty dollar supervision fee. Defendant timely appealed and has raised two assignments of error for review. They will be addressed concurrently for ease of disposition.
ASSIGNMENT OF ERROR I
 The trial court erred in overruling [Defendant's] motion to suppress because the warrantless search of [Defendant] exceeded the scope of a protective pat-down search for weapons in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution.
ASSIGNMENT OF ERROR III
 The trial court erred in not suppressing the search of [Defendant] as being in violation of the "plain feel" doctrine as announced in Minnesota v. Dickerson (1993), 508 U.S. 366, 113 S.Ct. 2130, this being in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution.
Defendant has alleged that the search of his person was in violation of his constitutional rights and exceeded the scope of permissible searches as delineated in Terry v. Ohio (1968),392 U.S. 1, 20 L.Ed.2d 889, and Minnesota v. Dickerson (1993),508 U.S. 366, 124 L.Ed.2d 334. Therefore, he has argued that the evidence procured through this improper search should have been suppressed. We disagree.
Pursuant to the United States Supreme Court's holding inTerry:
 where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.
Terry, supra, at 30-31, 20 L.Ed.2d 911. The Court extended the bounds of the permitted search in Dickerson where it held that:
 [i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
 Dickerson 508 U.S. at 375-76, 124 L.Ed.2d at 346. This "plain feel" exception to the warrant requirement allows the state to use evidence seized during a Terry search if the police officer, due to his experience arresting drug offenders, feels contraband whose contour or mass makes its identity "immediately apparent" to him. Dickerson, 508 U.S. at 375, 124 L.Ed.2d at 346.
In this case, the officer who conducted the pat-down search testified that upon entering the premises he detected the smell of burnt marijuana and he observed a significant amount of drug paraphernalia sitting in close proximity to the individuals located in the apartment. He also testified that at least one of these items was still warm, indicating that it had been recently used. In addition to the drug paraphernalia observed, the officer testified that there were open beer cans observed in the apartment indicating that the individuals had also been consuming alcohol during the course of the evening. The officer testified that in his experience, half of the individuals he had arrested for narcotics were also in possession of firearms. Therefore, out of a concern for his safety and the safety of his fellow officer, he decided to conduct a pat-down search of the individuals to check for weapons. Defendant was the first individual searched as he was located closest to the officer.
The officer requested that Defendant stand and he began the pat-down. Upon beginning the search, the officer saw and was advised by the other officer that there was a razor blade hanging out of Defendant's front pocket. After securing the blade, the officer noticed that there was a fine powder along the edge of the blade which the officer suspected to be cocaine. The officer continued with the pat-down, and in the same pocket area felt what he believed to be a smoking pipe or other drug paraphernalia. At that point the officer removed the item and observed it to be a vial containing a white, powdery substance that he suspected to be cocaine. The officer secured the evidence, advised Defendant of his rights, and placed him under arrest.
In his first assignment of error, Defendant has asserted that as soon as the officer determined the item in Defendant's pocket was not a weapon, the search pursuant to Terry was over and the officer was not permitted to remove the vial of cocaine from Defendant's pocket. Upon review of the evidence, it is clear that the officer was authorized to conduct a pat-down search for weapons to protect his own safety, that of his fellow officer, and the safety and well-being of the other individuals in the residence. A razor blade was found immediately in Defendant's pocket and the next item found was the drug contraband. While the officer did determine with reasonable certainty that the vial was not a weapon, the officer was not required to ignore the item as he was able to discern that the item was most likely drug paraphernalia. Pursuant to Dickerson, the officer was permitted to remove the item when because of the shape of the item it became "immediately apparent" that the item was contraband. Therefore, the search did not exceed the bounds of a permissible search as set forth in Terry. Defendant's first assignment of error is without merit.
In his second assignment of error, Defendant has argued that because the officer admitted that he was not one hundred percent certain that the item he felt during the search was contraband, the search exceeded the scope permitted under Dickerson. In the context of the plain view exception to the warrant requirement, the "immediately apparent" requirement is satisfied if the officer has probable cause to associate an object with criminal activity.State v. Woods (1996), 113 Ohio App.3d 240, 244, citing State v.Halczyszak (1986), 25 Ohio St.3d 301 (extending the Halczyszak
analysis of the plain view doctrine to the "plain feel" context). "The standard of probable cause, rather than certainty, applies when the officer concludes that the object he has touched, rather than seen, is probably contraband." State v. Woods,113 Ohio App.3d at 244.
The officer testified that while he could not say he was one hundred percent certain that the item was contraband, he was reasonably certain in view of his experience on the police force as well as the surrounding circumstances that the item was drug paraphernalia. As enunciated in Woods, the officer did not need to be absolutely certain, but rather needed only probable cause to remove the item. In this case, the officer clearly had probable cause to believe the item to be contraband and the motion to suppress was properly denied. Defendant's second assignment of error is without merit.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
JOHN W. REECE, FOR THE COURT.
CARR, P.J., BATCHELDER, J., CONCUR.
(REECE, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)