OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clermont County Common Pleas Court granting the motion to suppress of defendant-appellee, Karl Kursim, in a cocaine possession case. We reverse the trial court's decision.
 {¶ 2} In the late evening hours of July 1, 2001, Officer Scott Blankenship of the Union Township Police Department was working a plain-clothes shift in the Mt. Carmel area of Clermont County. He was patrolling the area in an unmarked car in an effort to prevent auto theft and burglary. Several businesses in the area had recently been burglarized.
 {¶ 3} At approximately 11:30 p.m., Officer Blankenship noticed a parked vehicle behind a row of cars in the parking lot of Mechanics Plus. Mechanics Plus is an auto repair shop and was closed at the time. Officer Blankenship observed two individuals in the vehicle, including appellee in the driver's seat. According to Officer Blankenship, the headlights of the vehicle were not illuminated. Officer Blankenship called another officer for backup and pulled into the parking lot.
 {¶ 4} Officer Blankenship then exited his car and approached the vehicle. As he approached, he held his police badge in the air and announced that he was a police officer. According to Officer Blankenship, he thought appellee might have a gun because appellee was "digging down beside the seat." Officer Blankenship asked appellee to step out of the vehicle, which appellee did. Officer Blankenship then noticed through the window a "rolling machine" and a razor blade on the dashboard. With appellee's consent, Officer Blankenship searched the vehicle and secured these items.
 {¶ 5} Due to his concern that appellee might be armed, Officer Blankenship conducted a "pat-down" search. During this "pat-down" search, he felt an object bulging out from the cellophane wrapper of a hard cigarette pack in appellee's shirt pocket. Based on his training and experience, he concluded that the bulge was contraband. Officer Blankenship subsequently retrieved a small plastic container about the size of a postage stamp from appellee's shirt pocket. When asked what the white, powdery substance was inside the container, appellee stated that it was cocaine. Officer Blankenship also retrieved a small quantity of marijuana from appellee's shirt pocket. He then arrested appellee.
 {¶ 6} In November 2000, appellee was indicted on one count of cocaine possession in violation of R.C. 2925.11(A), a fifth degree felony. In January 2002, appellee filed a motion to suppress, arguing that the cocaine in question was illegally seized following the "pat-down" weapons search.
 {¶ 7} The trial court held a suppression hearing in February 2002. At the suppression hearing, Officer Blankenship testified on direct examination that he found the cocaine and the marijuana inside a hard pack of cigarettes in appellee's shirt pocket. On cross-examination, Officer Blankenship provided more detail as to the exact location of the contraband. He testified that the cocaine and the marijuana were "inside the cellophane" of the hard cigarette pack. He testified that he could feel a bulge between the cellophane wrapper and the hard pack itself when he was "patting down" appellee for weapons.
 {¶ 8} The trial court granted appellee's motion and suppressed the cocaine. While the trial court found that Officer Blankenship had reasonable suspicion to stop appellee and conduct a "pat-down" weapons search, the trial court found that the seizure of the cocaine was illegal. The trial court found that Officer Blankenship did not have probable cause sufficient to support "the removal of the cigarette pack from the Defendant's shirt pocket pursuant to the `plain-feel' doctrine." In making this determination, the trial court found that the cocaine "was contained in a small cellophane packet approximately the size of a postage stamp located inside a cigarette pack."
 {¶ 9} The state subsequently filed this appeal, raising one assignment of error as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN GRANTING THE MOTION TO SUPRESS."
 {¶ 11} In this assignment of error, the state argues that given the totality of the surrounding circumstances, Officer Blankenship had probable cause to believe that the bulge he felt through appellee's clothing was contraband. Therefore, the state contends, Officer Blankenship was justified in seizing the cocaine and the trial court erred in granting appellee's motion to suppress.
 {¶ 12} In its argument, the state contends that the trial court made an erroneous factual finding when it determined that the cocaine was located inside a hard cigarette pack in appellee's shirt pocket. According to the state, the evidence at the suppression hearing indicates that the cocaine was located inside the cellophane wrapper of the hard pack, rather than inside the hard pack itself. Being inside the cellophane wrapper and not inside the hard pack itself, the state contends that Officer Blankenship could have easily felt the bulge through appellee's shirt and associated it with criminal activity.
 {¶ 13} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Accordingly, when reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings of fact if they are supported by competent, credible evidence. State v. McNamara (1997),124 Ohio App.3d 706, 710. However, an appellate court reviews de novo whether the trial court's conclusions of law, based on those findings of fact, are correct. State v. Anderson (1995), 100 Ohio App.3d 688, 691.
 {¶ 14} We find that the trial court's finding that the cocaine was located "in a plastic or tin foil wrapper inside a pack of cigarettes" is not supported by competent, credible evidence in the record. Officer Blankenship initially testified that the cocaine was located inside a hard pack of cigarettes in appellee's shirt pocket. However, he later clarified the exact location of the cocaine. He testified that the cocaine was in a plastic container inside the cellophane wrapper of the hard cigarette pack. Officer Blankenship stated that he "could feel the cigarette packet had the bulge coming out of it outside the cellophane." Additionally, appellee himself testified that the plastic container of cocaine was located in the cellophane of the hard cigarette pack. Because we find that the trial court's factual finding regarding the location of the cocaine is not supported by competent, credible evidence, we do not rely on this finding.
 {¶ 15} The legal issue in this case turns on the application of the "plain-feel" exception to the warrant requirement. Under the "plain feel" exception to the warrant requirement, when an officer feels an object during a Terry-authorized "pat-down" and the incriminating character of the object is "immediately apparent" from the way it feels, the officer may seize the object. See Minnesota v. Dickerson (1993),508 U.S. 366, 375-376, 113 S.Ct. 2130. The officer need not be certain of the incriminating character of the object. State v. Woods (1996),113 Ohio App.3d 240, 244. The "immediately apparent" requirement is satisfied if the officer has probable cause to associate the object with criminal activity, based on the totality of the surrounding circumstances. Id.; State v. Lee (1998), 126 Ohio App.3d 147, 151.
 {¶ 16} Based on the totality of the surrounding circumstances, we find that Officer Blankenship had probable cause to believe that the bulge he felt during the "pat-down" search was contraband. Officer Blankenship observed appellee and another individual in a parked car behind a row of cars at a closed auto repair shop on a Sunday night at approximately 11:30 p.m. According to Officer Blankenship, appellee and his companion told him that they were "waiting on someone." Officer Blankenship noticed drug paraphernalia in plain view on the dashboard of appellee's vehicle. Specifically, Officer Blankenship saw a "rolling machine" and a razor blade. During a "pat-down" search, he felt through appellee's shirt a small object bulging out from the cellophane wrapper of a hard cigarette pack. Officer Blankenship testified that based on his training and experience, he knew the bulge he felt was contraband.
 {¶ 17} The law did not require Officer Blankenship to be certain that the bulge was contraband. The law required that he have probable cause, based on the totality of the circumstances, to associate the bulge with criminal activity. See Woods, 113 Ohio App.3d at 244; Lee,126 Ohio App.3d at 151. We find that probable cause existed in this case, based on the totality of the circumstances.
 {¶ 18} Accordingly, the state's sole assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.
YOUNG and VALEN, JJ., concur.