DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donald W. Dietry, appeals the denial of his motion to suppress physical evidence entered by the Wayne County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant was a passenger in a car driven by his friend, James Letizio, when the car was stopped for expired plates by Patrolman Christopher Conwill of the Wooster Police Department. Officer Conwill, when speaking with Letizio, claimed that he could detect a strong odor of burning marijuana emanating from the car. Officer Conwill asked for identification from the occupants of the car, and called for a second officer. Officer Conwill searched the driver and the second officer, Brian Waddell, searched Appellant. During the search of Appellant, Officer Waddell discovered a plastic vial containing several pink pills in Appellant's pockets. Appellant identified the pills as OxyContin, a pain reliever legally obtained only by prescription; eventually, Appellant stated that he had purchased the pills on the street. Officer Waddell placed Appellant under arrest; Appellant moved to suppress his statement regarding his purchase of the pills, citing the lack of a Miranda warning. Additionally, Appellant moved to suppress the results of the search of his person, claiming that the search exceeded the permissible limits of a Terry search. The trial court conducted an evidentiary hearing wherein the parties presented testimony and videotapes of the search. The trial court granted the motion to suppress the statement, but denied the motion to suppress the results of the physical search. Appellant entered a plea of no contest, the trial court found him guilty, but stayed the imposed sentence pending this appeal. Appellant raises one assignment of error.
 II. Assignment of Error
"Error No. 1. The trial court erred in overruling the appellant's motion to suppress physical evidence, in violation of the fourth, fifth, and fourteenth amendments to the U.S. constitution and Art. I, Secs. 10 and 14 of the Ohio constitution."
 {¶ 3} Appellant argues that the search of his person violated his constitutional right to be free from unreasonable searches because there were no exigent circumstances to permit a warrantless search, and there was no dangerous condition to justify the pat down search, which resulted in the discovery of the vial. The State responded that exigent circumstances existed in that one officer would have been required to leave the scene to acquire a warrant, necessitating the other officer to either secure Appellant in his car, which necessitates a preliminary patdown, or to stand in the cold with Appellant while waiting; the State relies upon State v. Fuller (Apr. 26, 2002), 2d Dist. No. 18994, as its authority.
 {¶ 4} An appellate court's review of a ruling on a motion to suppress evidence presents a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. Whether an officer has probable cause or reasonable suspicion to make a warrantless arrest is reviewed by an appellate court de novo.State v. Bing (1999), 134 Ohio App.3d 444, 448, citing Ornelasv. United States (1996), 517 U.S. 690, 699, 116 S.Ct. 1657,134 L.Ed.2d 911. However, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer (1996),112 Ohio App.3d 521, 548. Accordingly, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v.Russell (1998), 127 Ohio App.3d 414, 416, citing Ornelas,517 U.S. at 699.
 {¶ 5} The Fourth Amendment to the United States Constitution guarantees certain protections: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" Section 14, Article I of the Ohio Constitution, contains language nearly identical to that of the Fourth Amendment, and similarly prohibits unreasonable searches and seizures. See State v.Kinney (1998), 83 Ohio St.3d 85, 87. The exclusion of evidence obtained in violation of these constitutional guarantees is an essential part of the Fourth Amendment. State v. Jones (2000),88 Ohio St.3d 430, 434, overruled on other grounds by State v.Brown, 99 Ohio St.3d 323, 2003-Ohio-3931; Mapp v. Ohio (1961),367 U.S. 643, 655-656, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
 {¶ 6} Warrantless searches are per se unreasonable. State v.Myers (1997), 119 Ohio App.3d 376, 379-380, citing Katz v.United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507,19 L.Ed.2d 576. However, police officers may perform a limited pat down search for concealed weapons to protect themselves against individuals who may be armed and dangerous. State v. Andrews
(1991), 57 Ohio St.3d 86, 89. A warrantless search must be "strictly circumscribed by the exigencies which justify its initiation." Terry v. Ohio (1968), 392 U.S. 1, 25-26,88 S.Ct. 1868, 20 L.Ed.2d 889. A search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope. Id. at 18-19. Where that protective search exceeds what is necessary to determine if a person has a weapon, then the search is not valid under Terry
and the evidence obtained will be suppressed. Minnesota v.Dickerson (1993), 508 U.S. 366.
 {¶ 7} "The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." State v. Moore (2000), 90 Ohio St.3d 47, syllabus. A nighttime stop is another factor for consideration in determining the reasonableness of a search. City of Akron v.Jones (Jan. 10, 2001), 9th Dist. No. 19428, at 4, citing Statev. Bobo (1988), 37 Ohio St.3d 177, 179, certiorari denied, (1988), 488 U.S. 910. When conducting a Terry search for weapons, "[t]he doctrine of plain feel privileges an officer to remove an object from a suspect's person when * * * the object by virtue of its characteristics is immediately apparent to be contraband" Jones, supra, at 4. Although the plain feel doctrine requires that the incriminating character be immediately apparent, it does not require absolute certainty that the object is contraband State v. Lee (1998), 126 Ohio App.3d 147, 152. The plain feel doctrine requires only that there exists probable cause to believe that the object is contraband at the time of realization that the object is not a weapon. Id. The fact that the officer feels only a container and not specifically contraband is insufficient reason to suppress the evidence in the container where the container is the usual method to transport drugs. Id.
 {¶ 8} Initially, the traffic stop in this case was for good cause: an expired license plate. The officers had cause to believe another crime had occurred due to the smell of marijuana emanating from the vehicle. The stop occurred at night. Under the circumstances, the officers had reason to conduct a Terry
search; when the officer felt the vial, he was justified in believing it may contain contraband The plain feel doctrine permitted further investigation into the contents of the vial. Therefore, the search was justified and the trial court was correct in admitting the contents of the vial into evidence. Appellant's assignment of error is overruled.
 III. {¶ 9} Appellant's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., Slaby, J., Concur.