OPINION
{¶ 1} Defendant-appellant, Ramie Resnick, appeals the decision of the Butler County Court of Common Pleas overruling her motion to suppress evidence seized during a search of her vehicle, and convicting her of one count of possession of cocaine. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On February 17, 2005, appellant and a male companion traveled from Cleveland to Oxford, Ohio in appellant's vehicle. Appellant, an attorney, was scheduled to appear in a local court on behalf of a client on the date in question, and asked her *Page 2 
companion to drive her. Appellant rode as a passenger in the front seat of the vehicle.
 {¶ 3} As they approached the city of Oxford, appellant and the male driver became lost, and stopped to ask a police officer for directions to the court. The officer, Sheriff Deputy Baker, indicated that he was also scheduled to appear in court, and that the two could follow him. Accordingly, appellant and the male driver proceeded to follow Deputy Baker into the town of Oxford, traveling approximately ten minutes before appellant's vehicle ran out of gas and came to a stop near a busy intersection. Because she was running late for her hearing, appellant asked Deputy Baker if he would allow her to ride with him to court, to which he agreed. He did not conduct a pat-down search of appellant before allowing her to ride in his police vehicle because appellant indicated she was an attorney.
 {¶ 4} After appellant and Deputy Baker left the scene, a second officer, Officer Jeffery of the Miami University Police Department, observed the male driver attempting to push the vehicle forward in the northbound lane of the two-lane road where the vehicle had stopped. Officer Jeffery activated her overhead lights and pulled behind him. The male informed Officer Jeffery that the vehicle was inoperable because it had run out of gas and that he was not the owner of the vehicle. The male indicated that appellant owned the vehicle and that another officer had driven her to court because she was late for a hearing. Officer Jeffery then offered to drive the male to a gas station, but indicated he would have to produce identification and allow her to conduct a pat-down search before she could do so.
 {¶ 5} The male did not respond, and proceeded to walk back towards the vehicle. He placed the keys on the driver's seat and began to run away. He paused momentarily to kneel by a tree before continuing to run inside a nearby University building. Because there was heavy traffic at the time, Officer Jeffery did not pursue the male, but immediately searched the area where he had knelt down. After finding nothing, Officer Jeffery returned to the unattended vehicle and attempted to direct traffic. She contacted her supervisor to advise *Page 3 
that the vehicle was impeding traffic and was instructed to request a tow truck. After doing so, and while she waited for the tow truck to arrive, Officer Jeffery performed an "inventory search" of appellant's vehicle to check for any items of value, in accordance with the police department's standardized procedure.
 {¶ 6} During the search, Officer Jeffery discovered a Louis Vuitton change purse underneath a number of loose papers in the unlocked glove box compartment. Inside the change purse, Officer Jeffery discovered a folded piece of paper containing a white powdery substance, along with a straw with white residue inside of it. In addition, Officer Jeffery discovered a makeup bag behind the driver's seat, in which she found a small baggie containing residue of a white powdery substance. The substance was later tested and found to be cocaine. As a result, appellant was charged with one fifth-degree felony count of possession of cocaine, in violation of R.C. 2925.11.[1]
 {¶ 7} Prior to trial, appellant moved to suppress the evidence seized during the search of her vehicle, arguing Officer Jeffery did not follow police protocol in performing the alleged "inventory search." Following a hearing on August 31, 2005, the trial court overruled appellant's motion to suppress, and the case proceeded to a bench trial on January 11, 2006. At the conclusion of the trial, appellant was found guilty of possession of cocaine, and later sentenced to two years of community control, along with a six-month driver's license suspension. Appellant now appeals the trial court's decision, raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF *Page 4 
APPELLANT IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 {¶ 10} In her first assignment of error, appellant argues the trial court erred in overruling her motion to suppress evidence because the purported "inventory search" of appellant's vehicle conducted by Officer Jeffery was not performed according to established police protocol, and therefore, constitutes a warrantless evidentiary search. We disagree.
 {¶ 11} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Wilson, Warren App. No. 2006-01-007, 2007-Ohio-2298, ¶ 12; State v. LeClair, Clinton App. No. CA2005-11-027, 2006-Ohio-4958, ¶ 6. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. Wilson; LeClair. As such, a reviewing court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. LeClair, citing State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court, however, independently reviews the trial court's legal conclusions based on those facts, and determines, without deference to the trial court's decision, whether the facts satisfy the appropriate legal standard as a matter of law. Id.
 {¶ 12} The inventory search is a well-defined exception to the Fourth Amendment's warrant requirement and "permits police to conduct a warrantless search of a vehicle in order to inventory its contents after the vehicle has been lawfully impounded." See State v. Clancy, Montgomery App. No. 18844, 2002-Ohio-1881, at *2, citing State v.Mesa (1999), 87 Ohio St.3d 105, 108-109. Inventory searches are excluded from the warrant requirement because they constitute "an administrative or caretaking function, rather than an investigatory function." Id. These searches have been found to further the public policy considerations of protecting the vehicle owner's property while it remains in police custody, protecting the police against claims or disputes over lost or stolen property, and protecting the police from potential danger. See South Dakota v. Opperman (1976), 428 U.S. 364,369, 96 S.Ct. 3092. *Page 5 
 {¶ 13} An inventory search is reasonable when it is performed in good faith and pursuant to standard police practice, and "when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile." See State v.Robinson (1979), 58 Ohio St.2d 478, 480. See, also, Colorado v.Bertine (1987), 479 U.S. 367, 371, 107 S.Ct. 738. "A search which is conducted with an investigatory intent, and which is not conducted in the manner of an inventory search, does not constitute an `inventory search' * * *." State v. Caponi (1984), 12 Ohio St.3d 302, syllabus. "Inventory searches `must not be a ruse for a general rummaging in order to discover incriminating evidence. The policy or practice governing inventory searches should be designed to produce an inventory.'"State v. Burton (Apr. 14, 1994), Cuyahoga App. No. 64710, at *2, quoting, Florida v. Wells (1990), 495 U.S. 1, 4, 110 S.Ct. 1632. Significantly, inventory searches performed according to "reasonable police regulations * * * administered in good faith, satisfy the Fourth Amendment, even though courts might as a matter of hindsight be able to devise equally reasonable rules requiring a different procedure."State v. Thompson (May 22, 1998), Montgomery App. No. 16692, at *2.
 {¶ 14} As an initial matter, appellant suggests the impoundment of the subject vehicle was unlawful because Officer Jeffery "deviated" from police protocol in requesting a tow truck to remove the vehicle before contacting appellant, and where the vehicle was not abandoned for ten days. As set forth in the Miami University Police Department's Standard Operating Procedure, "[b]efore an abandoned or junk vehicle may be impounded the officer will attempt to contact the current registered owner. * * * If the vehicle is not removed within 10 days, it will be impounded."
 {¶ 15} Ohio courts have previously found that "an impoundment is lawful if it is conducted pursuant to standardized police procedures."Clancy, Montgomery App. No. 18844, 2002-Ohio-1881, at *3. Standardized procedures "might take the form of statutes or *Page 6 
laws authorizing impoundment" as well as "police regulations or municipal ordinances authorizing impoundment." Id. Significantly, the United States Supreme Court has stated that "the authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."Opperman, 428 U.S. at 369, 96 S.Ct. 3092. Further, under Ohio law, it is well-established that police officers are authorized to impound a vehicle when such vehicle is obstructing traffic. See, e.g., State v.Taylor (1996), 114 Ohio App.3d 416, 422. See, also, R.C. 4511.67.
 {¶ 16} During the motion to suppress hearing, Officer Jeffery testified that appellant's vehicle was stopped and left unattended in the middle of a busy intersection, and that it was impeding the flow of traffic. Accordingly, she contacted her supervisor who instructed her to request a tow truck. Officer Jeffery also testified that other officers were attempting to make contact with appellant, the vehicle's registered owner, at the time she requested the tow truck, but that appellant had not been reached by the time the tow truck arrived because she was attending a court hearing. The trial court found Officer Jeffery acted "very reasonably" under the circumstances by ordering the removal of the vehicle. As the finder of fact, the trial court was permitted to believe Officer Jeffery's testimony in making this determination, and such testimony clearly demonstrates the vehicle was lawfully impounded.[2]
 {¶ 17} In addition to the foregoing, appellant argues the search performed by Officer Jeffery prior to the arrival of the tow truck "deviated" from police protocol because Officer Jeffery did not list the makeup bag on the inventory log sheet, did not specify the types of medications discovered during the search, and did not identify the "miscellaneous papers" discovered during the search. Appellant also argues the search was pretextual because Officer Jeffery only listed "items that form the basis of a criminal charge" on the inventory log *Page 7 
sheet, and because she admitted finding the behavior of the male driver suspicious. We find these arguments to be without merit.
 {¶ 18} During the motion to suppress hearing, the state presented evidence of the Miami University Police Department's written policy regarding inventory searches. The policy states: "[a] complete inventory will be made of any impounded vehicle. The inventory will include any unlocked containers within the vehicle. * * * The following forms will be used when a vehicle is impounded: 1) Incident Report[,] 2) Towed Vehicle Report[,] 3) Property Card — if property is removed from the vehicle and retained." Further, Officer Jeffery testified during the hearing that "completing an inventory," according to her police training, means to "check for any items of value."
 {¶ 19} Officer Jeffery testified that she searched appellant's vehicle in accordance with this policy, and that her search lasted approximately ten minutes while she waited for the tow truck to arrive. She testified that the vehicle had "a lot of items" inside of it, which consisted mainly of loose papers. In addition to the quantity of papers, she also discovered a change purse in the unlocked glove box compartment, a makeup bag behind the driver's seat, various prescription medications all bearing appellant's name on them, and a black jacket. The state introduced as an exhibit at trial the vehicle impoundment report and inventory log sheet Officer Jeffery prepared during the search, which list the following items: "Black Jacket," "medicine," "inhaler," and "misc. papers." The state also introduced as an exhibit the property card Officer Jeffery prepared, which lists, "LV-change holder w/ small bag with white powder substance. Piece of paper with an (sic) white powder substance inside [and] a clear straw w/ a white powder substance."
 {¶ 20} Despite appellant's argument to the contrary, we find Officer Jeffery reasonably complied with established police policy and procedure in listing the quantity of papers she discovered as "misc. papers," and the prescriptions medications as "medicine," rather than *Page 8 
specifically identifying each item individually. Moreover, Officer Jeffery's failure to list the makeup bag on the inventory sheet does not alone render her search of the vehicle unreasonable or indicate it was pretextual in nature. See, e.g., State v. Goodin (Jan. 28, 2000), Athens App. No. 99CA29, at *5. Officer Jeffery testified she did not list the makeup bag because she concluded the item was not an "item of value" likely to be stolen. She also noted that she did not list the vehicle's keys on the inventory log sheet because the keys to an impounded vehicle are typically left in the ignition for towing purposes and not considered an "item of value" for purposes of performing an inventory.
 {¶ 21} Further, contrary to appellant's argument, we find no evidence in the record to suggest the search of the subject vehicle was a pretext for an evidentiary search, even though Officer Jeffery may have been suspicious of the male driver's behavior. As stated, our review of the record indicates that Officer Jeffery encountered the vehicle as it had already run out of gas and as the male driver was attempting to push the vehicle forward on a busy street. After offering to drive him to a gas station, Officer Jeffery observed the male driver place the keys inside the car and run away. As a result, Officer Jeffery was left with an inoperable, unattended vehicle obstructing traffic in a busy roadway, with no indication as to when its owner would return to remove it.
 {¶ 22} Under these circumstances, the trial court found, and we agree, that the impoundment and subsequent search of the subject vehicle were reasonable. As stated, the vehicle was obstructing traffic, and therefore, was lawfully ordered removed. Officer Jeffery then completed an inventory of the vehicle's contents in the ten minutes she had prior to the arrival of the tow truck, in accordance with the police department's standardized policy. During the search, she listed the items she concluded were "of value" on the log sheet, and the items actually removed from the vehicle on the property card. As noted by the trial court, the inventory search could have been performed in a more thorough manner. Considering *Page 9 
the surrounding circumstances, however, we agree with the trial court that Officer Jeffery acted in good faith in conducting an inventory of the subject vehicle according to established police policy and procedure.
 {¶ 23} Based upon the foregoing, we find no error in the trial court's decision overruling appellant's motion to suppress evidence seized during Officer Jeffery's inventory search of the vehicle. Appellant's first assignment of error is therefore overruled.
 {¶ 24} Assignment of Error No. 2:
 {¶ 25} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT IN FINDING HER GUILTY OF POSSESSION OF DRUGS WHERE THE STATE FAILED TO PROVE EITHER ACTUAL OR CONSTRUCTIVE POSSESSION OF SUCH CONTRABAND."
 {¶ 26} In her second assignment of error, appellant contends the trial court erred in denying her Crim.R. 29 motion for acquittal because there was insufficient evidence presented at trial to establish she knowingly possessed a controlled substance, which is necessary to support a conviction for possession of cocaine. We find appellant's arguments as to this issue to be without merit.
 {¶ 27} Pursuant to Crim.R. 29, a court shall not enter a judgment of acquittal unless "the evidence is insufficient to sustain a conviction of [the] offense * * *" A sufficiency of the evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52.
 {¶ 28} In reviewing the sufficiency of the evidence to support a criminal conviction, the reviewing court is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Smith, 80 Ohio St.3d 89, 113, 1997-Ohio-355. After viewing the *Page 10 
evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. In considering the sufficiency of the evidence, a reviewing court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. See, also, State v.White, Franklin App. No. 06AP-607, 2007-Ohio-3217, ¶ 26.
 {¶ 29} Pursuant to R.C. 2925.11(A), "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2901.22(B) defines "knowingly" as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Further, R.C. 2925.01(K) provides that "`possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 30} It is well-established under Ohio law that possession may be either actual or constructive. See, e.g. State v. Upton, Hamilton App. No. C-050076, 2006-Ohio-1107, ¶ 21. Constructive possession exists when the defendant is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within the defendant's immediate physical possession. See State v. Koval, Warren App. No. CA2005-06-083, 2006-Ohio-5377, ¶ 91, citing State v.Gaefe, Clinton App. No. CA2001-11-043, 2002-Ohio-4995, ¶ 9. Circumstantial evidence is sufficient to support the elements of constructive possession. See id. See, also, State v. Jenks (1991),61 Ohio St.3d 259, 272. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial *Page 11 
evidence that the person was in constructive possession of the drugs.Koval. Moreover, "constructive possession can be inferred from a totality of the evidence where sufficient evidence, in addition to proximity, supports dominion or control over the contraband." State v.Stanley, Franklin App. No. 06AP-323, 2007-Ohio-2786, ¶ 31, quotingState v. Norman, Franklin App. No. 03AP-298, 2003-Ohio-7038, ¶ 31.
 {¶ 31} Appellant argues the state failed to prove she knowingly possessed the cocaine because she was not present when her vehicle was searched and the contraband was discovered, and because the male driver had access to the vehicle. She further argues that the state failed to prove she constructively possessed the cocaine because her actions in approaching a police officer for directions and later asking him to drive her to court demonstrate she lacked a "consciousness of guilt."
 {¶ 32} At trial, however, the state presented evidence indicating not only that appellant was the registered owner of the subject vehicle in which the contraband was found, but also that she was the only person to occupy the front passenger seat of the vehicle, within immediate reach of the glove box compartment, immediately prior to the search. The glove box compartment was one of the locations in which the contraband was discovered. Moreover, the state presented evidence, through the testimony of Deputy Baker and Officer Jeffery, indicating that Officer Jeffery encountered the vehicle within minutes after appellant had left the scene with Deputy Baker.
 {¶ 33} In addition, the state presented evidence indicating that the items in which the substance was found, including the Louis Vuitton change purse and makeup bag, were items typically belonging to a female. Significantly, no evidence was presented to indicate that anyone other than appellant and the male driver had use of the subject vehicle, or that any other female had been in or had access to the vehicle prior to the search.
 {¶ 34} Further, the state presented evidence indicating that the folded piece of paper *Page 12 
containing the substance, found inside the Louis Vuitton change purse, was a glossy page containing an advertisement for legal services, typically found in legal publications. Because appellant is an attorney, the trial court found this piece of evidence significant in determining appellant constructively possessed the substance in question. Notably, the court also determined that the straw found with this piece of paper inside the change purse contained white residue, suggesting that the substance had been used, and that appellant was aware the substance was inside the item.
 {¶ 35} Based upon the foregoing, the trial court determined that the state proved appellant knowingly possessed cocaine beyond a reasonable doubt. As the finder of fact, the trial court was permitted to judge the credibility of all witness and to weigh the evidence presented in making this determination. After a careful review of the record, we find that the totality of the evidence adduced at trial, if believed, was sufficient to support a finding that the state proved the elements of the offense in question beyond a reasonable doubt. Accordingly, appellant's second assignment of error is overruled.
 {¶ 36} Judgment affirmed.
BRESSLER, P.J. and WALSH, J., concur.
[1] Appellant was also charged with one first-degree misdemeanor count of falsification, in violation of R.C. 2921.13(A)(3), and one second-degree misdemeanor count of obstructing official business, in violation of R.C. 2921.31. Appellant was found not guilty on both counts during her bench trial, and these charges are not at issue in this appeal.
[2] Notably, appellant was issued a citation for a parking violation as a result of the incident, pursuant to R.C. 4511.66. *Page 1