[Cite as *State v. Guthrie*, 2025-Ohio-5458.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-11-023 |
| vs. | : | OPINION AND JUDGMENT ENTRY 12/8/2025 |
| MICHAEL W. GUTHRIE, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20240062

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Michael S. Klamo, Assistant Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.

**O P I N I O N**

**SIEBERT, J.**

{¶ 1} Michael Guthrie appeals his conviction for aggravated possession of a drug and possession of a fentanyl-related compound. He argues the trial court erred in denying

his motion to suppress and finding the "automobile exception" applied to law enforcement's search of Guthrie's vehicle. We disagree and conclude the automobile exception did apply. Evidence of illegal drug use within plain sight in the vehicle as well as an ajar interior panel gave law enforcement probable cause to believe that more evidence could be found within the vehicle's steering column. We affirm the trial court's denial of the motion to suppress.

**Background**

{¶ 2}   The underlying facts of this case are not contested. Around midnight on March 9, 2024, Sergeant Kyle Kauffman conducted a traffic stop on Guthrie because the license plate on his vehicle (a Mercedes) was registered to a different car (a Ford). Police determined Guthrie operated the vehicle under an administrative license suspension and impounded the vehicle. There were no other occupants in the car.

{¶ 3}   Officer Bailey Hickman responded to the scene to conduct an inventory search following the vehicle's impoundment at the scene. Officer Hickman testified at Guthrie's suppression hearing that during the search he observed an open pack of Narcan in the driver side door and several yellow pills—later identified to be Gabapentin—on the floor next to the driver's seat. Officer Hickman found no prescription bottle for the pills in the car. On the driver side floorboard, Officer Hickman observed a burnt, cut straw with a black and brown residue. Another officer at the scene found foil with a burnt residue inside the center console. Officer Hickman testified that in his experience, straws and foil are frequently used together to smoke illicit drugs.

{¶ 4}   After discovering these items, Officer Hickman noticed a slightly out of place plastic panel under the steering wheel. He testified that previous criminal interdiction courses taught officers that out of place panels are a potential sign of tampering. Officer Hickman used his flashlight to look inside the panel and observed the corner of a plastic

bag containing a white substance inside the paneling. After opening the panel, Officer Hickman recovered the bag. The bag contained methamphetamine and a small capsule of fentanyl.

{¶ 5} Guthrie argued at the suppression hearing that Officer Hickman's search inside the steering wheel panel exceeded the constitutional scope of an inventory search. The trial court, however, denied the motion to suppress, finding the discovery of the burnt straws and foil as well as loose prescription pills gave the officers probable cause to conduct a full automobile search without a warrant. Guthrie subsequently pled no contest to charges of aggravated possession of a drug and possession of a fentanyl-related compound, and the trial court sentenced Guthrie to an indefinite term of three to four and a half years in prison.

{¶ 6} Guthrie now appeals.

**Standard of Review and Applicable Law**

{¶ 7} "Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact." *State v. Gray*, 2012-Ohio-4769, ¶ 15 (12th Dist.). Recognizing that trial courts are in the "best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility," appellate courts must accept the factual findings of the trial court "if they are supported by competent, credible evidence." *State v. Hensgen*, 2017-Ohio-8793, ¶ 16 (12th Dist.). If the factual findings are supported, "the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Burnside*, 2003-Ohio-5372, ¶ 8.

{¶ 8} Both Section 14, Article I, of the Ohio Constitution and the Fourth Amendment to the United States Constitution prohibit the government from conducting "unreasonable" searches and seizures of people, their houses, and their possessions

without a warrant. The requirement for the police to obtain a warrant to conduct a search "is the rule, not the exception." *State v. Burroughs*, 2022-Ohio-2146, ¶ 13. The warrant requirement ensures that a "neutral and detached magistrate" determines the lawfulness of the search warrant request instead of "the officer engaged in the often competitive enterprise of ferreting out crime." *Id*., quoting *Johnson v. United States*, 333 U.S. 10, 14 (1948). A search without a warrant is only reasonable if it falls "within a specific exception to the warrant requirement." *Id*., quoting *Riley v. California*, 573 U.S. 373, 382 (2014).

{¶ 9} One such exception to the constitutional protection against warrantless searches is an "inventory search" wherein police may search a lawfully impounded vehicle without a warrant in order document the vehicle's contents. *State v. Resnick*, 2007-Ohio-3717, ¶ 12 (12th Dist.). Such searches "protect[] the police against claims or disputes over lost or stolen property . . . [as well as] from potential danger." *Id*.

{¶ 10} Another exception, relevant here, is the "automobile exception, which allows warrantless searches of an automobile by police officers who have probable cause to believe that the vehicle contains contraband." *State v. Gray*, 2023-Ohio-338, ¶ 19 (12th Dist.). This court defines "probable cause" in terms of the automobile exception as "a belief reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." *State v. Popp*, 2011-Ohio-791, ¶ 27 (12th Dist.). Probable cause is a "fact-dependent" determination and "turns on what the officers knew at the time they conducted the search." *State v. Raphael*, 2015-Ohio-3179, ¶ 23 (12th Dist.). Once established, probable cause "justifies a search of every part of the vehicle and its contents that may conceal the object of the search." *State v. Howard*, 2008-Ohio-2706, ¶ 11 (1st Dist.).

**Analysis**

{¶ 11} Guthrie acknowledges that law enforcement could lawfully conduct an

inventory search of the vehicle after detaining him. He argues, however, that the loose pills, Narcan, burnt foil, and burnt straws were all legal or untested items that could not give probable cause to search the steering column of the vehicle.

{¶ 12} We disagree. Upon beginning a permissible inventory search of Guthrie's vehicle, officers quickly identified in plain view several indicators of illegal drug activity: burnt straws and foil, loose pills, and Narcan. While these items, in and of themselves, were legal to possess or not immediately tested for illicit substances, Officer Hickman testified that his experience and training taught him these items are frequently used and carried by illicit drug users. Officer Hickman's previous training also taught him that out of place car panels could be indicative of tampering. Under such circumstances, probable cause existed for Officer Hickman to believe more contraband could be found inside of the steering column. As a result, he did not need a warrant to conduct that search. *See also State v. Taylor*, 2020-Ohio-5079, ¶ 15 (8th Dist.) (holding an "[o]fficer has probable cause to conduct a warrantless search of the interior of the vehicle and its contents that may conceal the object of the search, including behind a visibly displaced panel that is located within the vehicle's passenger compartment.").

{¶ 13} Judgment affirmed.


HENDRICKSON, P.J., and , BYRNE, J., concur.

_____

# J U D G M E N T   E N T R Y


The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


/s/ Robert A. Hendrickson, Presiding Judge


/s/ Matthew R. Byrne, Judge


/s/ Melena S. Siebert, Judge