THE STATE OF OHIO *v.* WOODALL.

(Nos. 6331-6332—Decided September 14, 1968.)

Common Pleas Court of Lake County.

*Mr. Milton R. Stern,* for plaintiff.
*Mr. Robert A. Clair* and *Messrs. Clair & Wiles,* for defendant.

SIMMONS, J. Defendant requests an order of this court suppressing all evidence obtained by the city of Willoughby Police Department from him on January 14, 1968, including documents, an alleged marijuana cigarette and his statements to the officers.

After considering defendant's motion, evidence submitted at hearing, briefs for and counter and the law, the motion is overruled in all respects. Exceptions noted for defendant,

It Is So Ordered.

Defendant was found by the officers late on January 14 in a car which was stuck in the mud. While their suspicions were aroused by the circumstances and by answers defendant gave to their questions, they had no basis to believe that he had committed a crime and did not arrest him at the scene. Defendant voluntarily accompanied the officers to the police station where they learned the car was reported stolen. They then arrested defendant and charged him with auto theft.

It is clear from the evidence submitted to me that reasonable cause existed at that time and the arrest without a warrant was valid.

Statements made by the defendant prior to the arrest are admissible in evidence even though the *Miranda* warnings were not given at that time. Defendant was in no sense in custody at the scene. Information which he gave the officers in response to their questions was volunteered, in the probable hope that their vague suspicions would be lulled and they would leave.

The case of *State* v. *Hymore*, 9 Ohio St. 2d 122, is authority for the rule that where statements of a defendant not in custody are volunteered in response to preliminary questions of police, who do not know a crime has been committed, then the statements are admissible without the *Miranda* warning.

Following the arrest at the station, the full warning was given defendant. But no statement was made by him subsequently.

After the arrest, defendant was required to hand over his wallet to the booking officer who removed the contents for the purpose of listing them on a property envelope. This is a standard jail procedure followed by the department. The contents of the wallet included documents of the defendant, other documents relating to the alleged owner of the car, razor blades and a cigarette butt, allegedly marijuana in content. This last discovery led to the charge of possession of marijuana.

Not every search and seizure is prohibited. Only unreasonable ones are. Moreover, not every police seizure is

the result of a search. A "search," as applied to searches and seizures, is an examination of a man's house, building, premises or person with a view to the discovery of contraband or evidence of guilt to be used in prosecuting a criminal action or some crime or offense with which he is charged. 79 Corpus Juris Secundum 775, Section 1.

Therefore, the inventorying of the contents of an accused's car is not a search, since the purpose of it is the protection of the car and the contents. *Harris* v. *United States*, 36 U. S. Law Week 4195.

By the same logic, the inspection of an accused's wallet by a jailer after the arrest and before his imprisonment and the listing of its contents as an incident to impounding them is not a search. Its purpose is not the discovery of contraband nor evidence of crime but execution of a standard jail processing procedure for the protection of the accused's property and the jailer's integrity.

But even if this be a search I consider it to be a reasonable one upon two bases:

(1) A custodian of a jail has the right to search a prisoner for weapons, including those capable of concealment within a wallet compartment, such as razor blades. For the custodian not to do so would allow a prisoner to harm himself, other prisoners or officers. If incriminating evidence is found in the course of the search it may be used in evidence. *People* v. *Woods*, 139 Cal. App. 2d 515, 293 P. 2d 901.

(2) Since the arrest of defendant was valid a search of his person incident to it was reasonable. Any evidence discovered may be used against him at trial. *Warden* v. *Hayden*, 35 U. S. Law Week 4493.

Any documents within defendant's wallet, such as driver's licenses, identifying records, etc. could, under the circumstances of this case, be important in the prosecution of the auto theft charge against him. Defendant had previously handed over two incriminating documents, an operator's license and certificate of title both in the name of the car owner. The police had good reason to believe additional incriminating evidence could be found in the wallet, as indeed it was. Its inspection was immediate in time and space to the arrest and, therefore, reasonably incident to it.