OPINION
{¶ 1} This is an appeal brought by the State from a judgment granting Defendant's motion to suppress evidence.
{¶ 2} Defendant was indicted on one count of possession of crack cocaine, more than one but less than five grams, in violation of R.C. 2925.11(A). Defendant filed a motion to suppress, arguing that evidence supporting the charges was the product of an unlawful weapons frisk.
{¶ 3} Following a hearing, the trial court held that although police were justified in briefly detaining Defendant as part of their investigation, they were not justified in frisking him for weapons because they lacked a reasonable suspicion that Defendant was armed and dangerous. Accordingly, the court sustained Defendant's motion and suppressed the cocaine seized by police.
{¶ 4} The State has timely appealed to this court pursuant to R.C. 2945.67(A) and Crim.R. 12(K).
 ASSIGNMENT OF ERROR
{¶ 5} "The trial court's suppression of the evidence was improper because the pat-down of defendant was reasonable under the Fourth Amendment."
{¶ 6} When considering a motion to suppress, the trial court assumes the role of the trier of facts and, as such, is in the best position to resolve conflicts in the evidence and determine the credibility of the witnesses and the weight to be given to their testimony. State v. Retherford (1994),93 Ohio App.3d 586. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. Id. Accepting those facts as true, the appellate court must then independently determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id.
{¶ 7} The facts found by the trial court are as follows:
{¶ 8} "From the evidence adduced at the hearing held on November 10, 2003, the Court finds the following facts. On August 23, 2003, Officer Williams responded to a `knock and advise' at an apartment located at 211 South Wilkinson Street in Dayton. Officer Williams testified that another Dayton patrolman had been given a tip about possible drug activity at the apartment. Two additional officers accompanied Officer Williams to the apartment and they were let in and given consent to search the premises by the lessee. At the time, there were two people other than the lessee inside the apartment. During the search, no drugs or weapons were found. According to Officer Williams, cash was found on the bed.
{¶ 9} "Before the officers left, the Defendant walked into the apartment without knocking. Officer Williams testified that, upon seeing the officers, the Defendant appeared to be startled. The Defendant was wearing shorts and a t-shirt and no evidence of a weapon was visible. Two of the officer informed the Defendant that they were going to pat him down for officer safety. Officer Williams testified that, at this point, the Defendant was free to go. According to Officer Williams, he felt a hard object in the Defendant's pocket. At this point, the Defendant began resisting the officers and a struggle ensued. After the Defendant was subdued, the Defendant was searched and 8.93 grams of cocaine were found on the Defendant's person. No weapons were found. After the search, it was found that the Defendant had an outstanding capias warrant on a traffic violation."
{¶ 10} Law enforcement officers may briefly stop and/or detain an individual for investigation if the officers have a reasonable, articulable suspicion that criminal activity may be afoot. That is something more than an unparticularized suspicion or mere hunch, but less than the level of suspicion required for probable cause. Terry v. Ohio, (1968), 392 U.S. 1; State v.White (Jan. 18, 2002), Montgomery App. No. 18731. To satisfy that standard, police must be able to point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the intrusion.Terry v. Ohio, supra; State v. White, supra.
{¶ 11} The propriety of an investigative stop or detention must be viewed in light of the totality of the surrounding facts and circumstances. State v. Bobo (1988), 37 Ohio St.3d 177. These circumstances must be viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. State v. Andrews (1991), 57 Ohio St.3d 86. Accordingly, the court must take into consideration the officer's training and experience and understand how the situation would be viewed by the officer on the street. Id.
{¶ 12} The trial court found that the officers were justified in briefly detaining Defendant as part of their investigation when he walked unannounced into the apartment where police were investigating possible illegal drug activity. They had a fresh tip from two informants who stated that they had just left that apartment after smoking crack cocaine there, and while there had seen drugs and money on the floor. The area is known for heavy drug activity. While inside the apartment, police discovered money on a bed in a back bedroom. That fact, along with the informant's tip, heightened the officers' suspicion that drug transactions might be taking place inside the apartment.
{¶ 13} We agree with the trial court that the totality of the facts and circumstances when viewed through the eyes of the police officers on the scene gives rise to sufficient reasonable suspicion to justify a brief investigatory stop and detention of Defendant. Terry.
{¶ 14} Even though an investigatory stop and detention of Defendant was justified, it does not necessarily follow that a frisk for weapons was also warranted. State v. Lynch (June 6, 1998), Montgomery App. No. 17028; State v. Mickey (June 29, 1990), Montgomery App. No. 11582. A patdown search for weapons requires reasonable grounds to believe that the suspect is armed and dangerous. Terry, supra; State v. Andrews (1991),57 Ohio St.3d 86, 89. The officer need not be absolutely certain that the individual is armed; rather, the issue is whether a reasonably prudent man in those circumstances would be warranted in the belief that his safety or the safety of others was in danger.Terry, supra.
{¶ 15} Officer Williams testified at the suppression hearing that the startled expression on Defendant's face when he walked into the apartment caused police to believe Defendant might be armed. The trial court concluded that this alone was not sufficient to create a reasonable suspicion that Defendant was armed in order to justify a frisk for weapons, particularly in view of the fact that police had found no drugs or weapons inside the apartment and Defendant had done nothing which indicated he might have a weapon.
{¶ 16} Officer Williams' description of the expression on Defendant's face is too nebulous to be of any real value to this court in determining whether the officers had reasonable grounds to believe Defendant was armed. The question is what the totality of the facts and circumstances at the time portray. We believe that the totality of the facts and circumstances in this case, when viewed through the eyes of the officers on the scene, is sufficient to give rise to a reasonable fear that Defendant might be armed, justifying the slight inconvenience and minimal intrusion which a pat down search for weapons entails.
{¶ 17} Ohio courts have long recognized that persons who engage in illegal drug activities are often armed with a weapon. "The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v. Evans,67 Ohio St.3d 405, 413, 1993-Ohio-186. "The nature of narcotics trafficking today reasonably warrants the conclusion that a suspected dealer may be armed and dangerous." Id. Recognizing the prevalence of weapons in places where illegal drugs are sold and used, this court has held that an officer's fear of violence when investigating drug activity is a legitimate concern that will justify a pat down search for weapons. State v. Taylor (1992),82 Ohio App.3d 434; State v. Lindsey (June 23, 2000), Montgomery App. No. 18073.
{¶ 18} Defendant could have been an innocent visitor to the apartment. He'd done nothing that might implicate him in drug activity, other than to walk inside. Yet, he entered without knocking, indicating some familiarity, and the officers might reasonably suspect that Defendant was there for an illegal purpose relating to suspected drug sales. And, if he was, the officers likewise might have a legitimate concern that he was armed and a danger to them. The basis for that concern was enhanced by the close quarters in which they found themselves when the officers encountered the several suspects. The setting might make a concealed knife or other similar instrument a more lethal weapon if used.
{¶ 19} Defendant makes the point that there was no outward indication that he was armed and dangerous, unlike in Lindsay,
where there was direct evidence. However, and though trial standards don't apply, circumstantial evidence may likewise support a reasonable and articulable suspicion. The issue is whether the inference drawn was reasonable, based on the totality of these facts and circumstances.
{¶ 20} The totality of these facts and circumstances, when viewed through the eyes of the police officers on the scene, gives rise to a reasonable and legitimate fear for the safety of the officers while investigating suspected drug activity at this apartment, and thus justifies a pat down search for weapons. As we stated in Lindsey, supra:
{¶ 21} "It is common knowledge that the trafficking in drugs by the inhabitants of the underworld drug culture has grown exponentially. Accordingly, safety concerns by law enforcement officials have also grown. We cannot ignore the obvious peril facing our officers who are on the front line in the war against drugs. Even though we know that not all drug traffickers, be they sellers or buyers and users, are armed and dangerous; yet, we also know that a significant percentage of them are, and the slight inconvenience of a pat down is a small price to pay for attempting to insure the safety of the officers in the field.
{¶ 22} "We recognize that the prohibitions of the Fourth Amendment against unreasonable search and seizures have been somewhat eroded over time as the dangerous war against the drug culture has escalated, but we believe the line has legitimately shifted in favor of substantially unobtrusive pat downs because of the growing and known dangers facing officers in the field who are attempting to enforce our drug laws." Lindsey, at p. 2-3.
{¶ 23} The State's assignment of error is sustained. The judgment of the trial court will be reversed and this matter remanded to that court for further proceedings consistent with this opinion.
Fain, P.J. and Wolff, J., concur.