OPINION
{¶ 1} This is an appeal by the state of Ohio from the decision of the Clinton County Court of Common Pleas granting the motion to suppress of defendant-appellee, William Reiley.[1] We reverse the common pleas court's decision.
 {¶ 2} In its sole assignment of error, the state argues that the common pleas court erred in granting appellee's motion to suppress. The state contends that the arresting officer's stop and subsequent pat-down of appellee did not violate appellee's Fourth Amendment rights.
 {¶ 3} Like the common pleas court, we find that Officer Pratt's stop of appellee was supported by reasonable suspicion and was therefore lawful under Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. The fact that appellee was observed near to and walking away from a crime scene shortly after the crime took place, coupled with appellee's initial refusal to stop when ordered to do so, justified the stop.
 {¶ 4} Unlike the common pleas court, we reach a different conclusion with regard to Officer Pratt's pat-down of appellee for weapons. We recognize that police officers do not have the right to pat-down every stopped suspect for weapons to ensure their safety. Rather, officers must possess a reasonable belief that the suspect is armed before conducting a pat-down of a lawfully stopped suspect. See Terry at 27; State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph two of the syllabus. However, the Ohio Supreme Court has stated that "[t]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 61; State v. Evans,67 Ohio St.3d 405, 413, 1993-Ohio-186; see, also, Terry at 33 (Harlan, J., concurring). Examples of crimes for which a suspect would likely be armed include robbery, burglary, rape, assault with a weapon, and dealing in large quantities of narcotics. See 4 LaFave, Search and Seizure, (4 Ed. 2004) 625-626, Section 9.6(a).
 {¶ 5} In this case, appellee was suspected of committing a re-dawn burglary. We find that such a burglary, committed in the night season, is a crime for which a suspect would likely be armed, and therefore that the right to conduct a protective pat-down is "virtually automatic." SeeJordan at ¶ 61; Evans at 413. After reviewing the record and taking into account that appellee was a suspect in a pre-dawn burglary, we find that Officer Pratt was aware of specific facts supporting a reasonable belief that a pat-down was necessary for his safety.
 {¶ 6} Further, unlike the common pleas court, we do not find that Officer Pratt's pat-down went beyond its permitted scope or was conducted with excessive force. We find that Officer Pratt's pat-down was "a limited intrusion designed to insure his safety," and was therefore reasonable. Adams v. Williams (1972), 407 U.S. 143, 148, 92 S.Ct. 1921. Officer Pratt did order appellee to drop to his knees during the pat-down, but only after appellee became "very nervous" and kept turning around while Officer Pratt was attempting to conduct the pat-down. Officer Pratt testified that he ordered appellee to drop to his knees because he was concerned that appellee would run. After reviewing the record, we do not find that Officer Pratt's pat-down was unreasonable in scope or in the way it was conducted.
 {¶ 7} Accordingly, we sustain the state's sole assignment of error because Officer Pratt's stop and pat-down of appellee did not violate appellee's Fourth Amendment rights. We reverse the judgment of the common pleas court, and remand this case to the common pleas court for further proceedings according to law and consistent with this opinion.
Young and Bressler, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.