OPINION
{¶ 1} Defendant-appellant, Michael LeClair, appeals the decision of the Clinton County Court of Common Pleas denying his motion to suppress evidence, and his subsequent conviction for possession of drugs.
 {¶ 2} On February 14, 2004, around 9:30 p.m., an off-duty police officer reported to Clinton County Sheriff's Sergeant Michael Crowe that he had observed a suspicious vehicle, parked in a restaurant parking lot near Interstate 71, after hours. The small, dark-colored vehicle and its white, male occupant matched the description of a vehicle suspected in a series of highway sniper shootings in the area. Sgt. Crowe responded to the restaurant and approached appellant's vehicle. He obtained appellant's identifying information and determined that appellant did not have any outstanding warrants, and that the vehicle's registration was valid. Appellant explained to the officer that he had stopped to give his full attention to a cellular telephone conversation.
 {¶ 3} Sgt. Crowe told appellant that he wanted to search appellant's car for weapons and asked appellant to exit the vehicle. Appellant complied with the request to exit the vehicle. Sgt. Crowe conduct a pat-down search of appellant for officer safety. In the course of the search he felt a small, hard object inside appellant's right pants pocket. Sgt. Crowe was not sure what the object was, but concerned that it could be a weapon, removed the object from appellant's pocket and discovered two Bic brand lighters. In the course of retrieving the lighters he also found four small, plastic baggies containing a clear substance, later determined to be methamphetamine. Appellant was placed in the rear of the police cruiser and Sgt. Crowe continued with the search of appellant's vehicle.
 {¶ 4} Appellant was charged with possession of methamphetamine, in violation of R.C. 2929.11(A). Appellant's pretrial motion to suppress evidence discovered during the pat-down search was overruled, and he subsequently pled no contest to the charge. He was found guilty and sentenced accordingly. He appeals, raising the following assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."
 {¶ 6} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. State v. Curry
(1994), 95 Ohio App.3d 93, 96. As such, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, an appellate court independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, "whether as a matter of law, the facts meet the appropriate legal standard." Curry at 96.
 {¶ 7} Appellant first contends that Sgt. Crowe lacked reasonable suspicion to conduct the initial stop.
 {¶ 8} The Fourth Amendment to the United States Constitution guarantees the right of people to be secure from unreasonable searches and seizures. Section 14, Article I of the Ohio Constitution erects a similar safeguard. See Stone v. Stow
(1992), 64 Ohio St.3d 156, 163-164 at fn. 3; State v. Andrews
(1991), 57 Ohio St.3d 86, 87; also, see, State v. Williams
(1991), 57 Ohio St.3d 24, 25. A "search," for purposes ofFourth Amendment jurisprudence, is the examination of an individual's property with a view to the discovery of contraband to be used in prosecuting that individual in a criminal action. See State v.Woodall (C.P. 1968), 16 Ohio Misc. 226, 227. A "seizure" is defined as any encounter with the law enforcement where, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." SeeUnited States v. Mendenhall (1980), 446 U.S. 544, 554,100 S.Ct. 1870. Either of these two actions is generally deemed "unreasonable" whenever they are taken without a warrant. SeeArnold v. Cleveland (1993), 67 Ohio St.3d 35, 45.
 {¶ 9} However, there exist a number of exceptions to this general rule. Relevant to the instant case, courts have held that police may briefly stop and detain an individual, without an arrest warrant or probable cause for an arrest, in order to investigate a reasonable suspicion of criminal activity. SeeTerry v. Ohio (1967), 392 U.S. 1, 19-21, 188 S.Ct. 1868; Statev. Bobo (1988), 37 Ohio St.3d 177. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v.Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. The circumstances surrounding the stop must "be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." Bobo at 179, quoting United States v. Hall (C.A.D.C. 1976), 525 F.2d 857,859.
 {¶ 10} Our review of the evidence leads to the conclusion that the encounter in this case was based on a reasonable suspicion of criminal activity. Sgt. Crowe received a report from an off-duty police officer, regarding a vehicle, suspiciously parked after hours in a restaurant parking lot near Interstate 71. The vehicle and its occupant matched the description of a suspect in a series of sniper shootings along Interstate 71 and other nearby highways. Viewing the totality of these circumstances, we conclude that Sgt. Crowe's encounter with appellant was based on a reasonable suspicion of criminal activity, and consequently did not violate appellant'sFourth Amendment rights. See Terry.
 {¶ 11} The sergeant's request that appellant exit the vehicle is a "minimal and insignificant intrusion." State v. Evans,67 Ohio St.3d 405, 408, 1993-Ohio-186. Unlike the initial investigatory stop, where the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion," Terry at 21, such a request "does not have to be justified by any constitutional quantum of suspicion."Evans at 408.
 {¶ 12} As to the pat-down search performed by Sgt. Crowe, appellant contends that the officer lacked a sufficient justification to conduct the search, and that the search itself exceeded the scope allowed under Terry. Appellant argues that there was no evidence presented at the hearing on the motion to support the contention that Sgt. Crowe had a reasonable fear for his safety which would justify a pat-down search under Terry.
 {¶ 13} "So long as the officer is entitled to make a forcible stop, and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose." Adams v. Williams (1972),407 U.S. 143, 146, 92 S.Ct. 1921, citing Terry at 24. See, also,Michigan v. Long (1983), 463 U.S. 1032, 1049, 103 S.Ct. 3469,3481. The United States Supreme Court recognized in Terry that, where a police officer is justified in believing that an individual may be armed and dangerous, the officer may make a limited search in order to protect himself and the public.Terry at 24; Evans at 405. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." Id. The validity of a pat-down under Terry requires that an officer have a reasonable, objective basis for conducting a protective frisk, and is to be evaluated in light of the totality of the circumstances, when viewed through the eyes of the officers on the scene. Terry at 24; State v. Martin,
Montgomery App. No. 20270, 2004-Ohio-2738, ¶ 16.
 {¶ 14} The Ohio Supreme Court observed in Evans, that there is "no legal requirement that a policeman must feel `scared' by the threat of danger. Evidence that the officer was aware of sufficient specific facts as would suggest he was in danger satisfies the constitutional requirement." Evans at 413. The issue is whether "a reasonably prudent man in those circumstances would be warranted in the belief that his safety or the safety of others was in danger." Martin at ¶ 14. Even though Sgt. Crowe had determined that appellant had no outstanding warrants and that the vehicle was properly registered, he had reason to believe that appellant might be armed; the officer was investigating a vehicle and driver suspected of being involved with a series of sniper shootings.
 {¶ 15} Finally, appellant argues that the Sgt. Crowe could not have reasonably believed that the object he felt in appellant's pocket was a weapon.
 {¶ 16} "Terry does not require that the officer be absolutely convinced that the object [the officer] feels is a weapon before grounds exist to remove the object." Evans at 415. When an officer removes an object that is not a weapon, the proper question to ask is whether that officer reasonably believed, due to the object's "size or density," that it could be a weapon. Id. "[B]ecause `weapons are not always of an easily discernible shape,' it is not inevitably essential that the officer feel the outline of a pistol or something of that nature." Id. (citations omitted).
 {¶ 17} In the instant case, Sgt. Crowe testified that he felt a small, hard object in appellant's pocket and could not discern its nature by touch alone. He testified that he thought it "could have been a knife, could have been a small handgun." Sgt. Crowe did not have to immediately identify the object as a weapon from its shape, but only had to reasonably believe that it could be a weapon before removing the object from appellant's pocket. Consequently, the motion to suppress the evidence obtained from the pat-down search was properly overruled by the trial court. Appellant's assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Powell, P.J., and Young, J., concur.