OPINION
{¶ 1} Defendant-appellant, Steven R. Potter, appeals his convictions on two counts of drug possession. We affirm appellant's convictions.
 {¶ 2} On October 17, 2005, while on patrol, Middletown Police Officer Mark Boyle observed a Chevy Blazer with Pennsylvania license plates, and attempted to conduct a routine license check. As Officer Boyle began following the vehicle, appellant, the driver, made several turns. Appellant eventually parked the vehicle on the side of a street, and *Page 2 
Officer Boyle drove past him, circled the block, and parked behind the vehicle.
 {¶ 3} Officer Boyle approached appellant, and appellant opened the door to the vehicle. Officer Boyle asked appellant if he was lost, and appellant replied that he was not lost. Next, Officer Boyle asked appellant if he was the owner of the vehicle, and appellant told him that he was not the owner but thought the owner's name was Brian. Officer Boyle then asked appellant where he was going, and appellant told him he was visiting a girlfriend, but could not remember where she lived. Appellant then retrieved a wooden stick from the passenger seat and held it in his hands. At that time, Officer Boyle asked appellant if he could conduct a pat-down for officer safety, and appellant complied. Officer Boyle asked if appellant had any weapons or drugs, and appellant responded that he did not.
 {¶ 4} During the pat-down, Officer Boyle discovered a knife in appellant's left pocket, and felt a large bulge in a plastic bag in his jacket pocket. Officer Boyle could see the bulge without taking it out of appellant's pocket, and observed it to be a white substance that the officer believed to be cocaine. Officer Boyle then arrested appellant.
 {¶ 5} Appellant was charged with one count of possession of cocaine in excess of 100 grams but less than 500 grams, which is a felony of the second degree, and one count of possession of cocaine in violation of R.C. 2925.11, which is a felony of the fifth degree.
 {¶ 6} Appellant moved to suppress statements he made to police and evidence seized upon his arrest. After a hearing on appellant's motion to suppress, the trial court denied the motion. Appellant entered pleas of no contest to the charges, and the trial court accepted the pleas. Appellant appeals the trial court's decision denying his motion to suppress, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO SUPPRESS FROM USE AT TRIAL DRUG EVIDENCE THAT WAS GAINED IN VIOLATION OF APPELLANT'S RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED *Page 3 
 {¶ 8} Appellant argues that Officer Boyle unlawfully stopped the vehicle appellant was driving, as appellant had not committed a crime. Further, appellant maintains that his Fourth Amendment rights were violated, because appellant was questioned without being arrested, but was not free to leave during the questioning. We disagree.
 {¶ 9} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Wilson, Clinton App. No. CA2006-03-008, 2007-Ohio-353, ¶ 17; State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. An appellate court must accept the trial court's findings of fact as long as they are supported by competent, credible evidence. Id. However, an appellate court reviews de novo the trial court's application of the law to the facts. State v. Greene, Warren App. No. CA2005-12-129, 2006-Ohio-6084, ¶ 8; State v.Featherstone, 150 Ohio App.3d 24, 2002-Ohio-6028, ¶ 10.
 {¶ 10} We begin our analysis with the basic premise that theFourth Amendment protects a citizen's right to be free from all unreasonable searches and seizures, except in several well defined situations.Horton v. California (1990), 496 U.S. 128, 133, 110 S.Ct. 2301. The proper remedy for a Fourth Amendment violation is the suppression of evidence obtained by virtue of the violation. Blanchester v. Hester
(1992), 81 Ohio App.3d 815, 820.
 {¶ 11} Both the Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution guarantee the right of people to be secure from unreasonable searches and seizures. "A `search,' for purposes of Fourth Amendment jurisprudence, is the examination of an individual's property with a view to the discovery of contraband to be used in prosecuting that individual in a criminal action. A `seizure' is defined as any encounter with the law enforcement where, `in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' Either of these two actions is generally deemed `unreasonable' whenever they are *Page 4 
taken without a warrant." (Citations omitted.) State v. LeClaire, Clinton App. No. CA2005-11-027, 2006-Ohio-4958, ¶ 8.
 {¶ 12} It is well-recognized that officers may briefly stop and detain an individual, without an arrest warrant and without probable cause, in order to investigate a reasonable and articulable suspicion of criminal activity. See Terry v. Ohio (1967), 392 U.S. 1, 19-21, 188 S.Ct. 1868;State v. Bobo (1988), 37 Ohio St.3d 177. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances" as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." LeClaire, ¶ 9, quoting State v. Freeman
(1980), 64 Ohio St.2d 291, syllabus and Bobo at 179.
 {¶ 13} However, it is also well-recognized that the Fourth Amendment is not implicated in all personal encounters between police officers and citizens, such as the case where there is a consensual encounter.Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386;City of Hamilton v. Stewart, Butler App. No. CA2000-07-148, 2001-Ohio-4217. "An encounter which does not involve physical force or a show of authority is a consensual encounter that does not triggerFourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him." Stewart at 4, quoting State v. Brock (June 1, 1989), Clermont App. No. CA97-09-177. The fact that a police officer identifies himself as such does not "convert the encounter into a seizure requiring some level of objective justification." Florida v. Royer (1983),460 U.S. 491, 498, 103 S.Ct. 1319, 1324. "[A] police officer's approach and questioning of the occupant of a parked vehicle does not constitute a seizure, and therefore does not require reasonable, articulable suspicion of criminal activity." Stewart at 4, citing State v. Reed
(Sept. 11, 2000), Clermont App. No. CA99-11-102. "Encounters are consensual where the police merely approach a person in a public place, engage the person *Page 5 
in conversation, request information, and the person is free not to answer and walk away." State v. Taylor (1995), 106 Ohio App.3d 741, 747.
 {¶ 14} Based on our review of the evidence, we find that the initial encounter between appellant and Officer Boyle was consensual, and consequently, Officer Boyle was not required to have reasonable, articulable suspicion of criminal activity to approach appellant. The record indicates that appellant voluntarily stopped his vehicle on the side of the road, and nothing in the record indicates that Officer Boyle signaled or otherwise instructed appellant to stop the vehicle. Further, there is nothing in the record to indicate that the encounter involved any physical force, that Officer Boyle exercised any authority as a police officer, or that appellant was not free leave.
 {¶ 15} It was during this consensual encounter that Officer Boyle became increasingly more suspicious that appellant was involved in drug trafficking, and was permitted to continue the investigation based on this suspicion. Officer Boyle testified that this encounter took place in a high crime area where there had been frequent drug activity and prostitution. Officer Boyle also explained that he was concerned that the vehicle appellant was driving had been involved in drug trafficking, because, in his experience as a police officer, vehicles are often exchanged for drugs. Officer Boyle testified that he became more suspicious as appellant would not give him the last names of the owner of the vehicle or the girlfriend he was supposedly visiting, or the location of the girlfriend's residence. Officer Boyle explained that appellant then took a 3-foot long wooden stick from the passenger seat and held it in front of him. At that time, Officer Boyle stated that he asked appellant to exit the vehicle so he could conduct a pat-down for officer safety, and appellant complied.
 {¶ 16} A police officer is permitted to conduct a pat-down for officer safety if the officer possesses a reasonable belief that the suspect is armed before conducting a pat-down of a lawfully stopped suspect.State v. Reiley, Clinton App. Nos. CA2004-12-028, CA2004-12- *Page 6 
029, 2005-Ohio-3224, ¶ 14, citing Terry, 392 US at 27 and Bobo, 37 Ohio St.3d at paragraph two of the syllabus. Further, "[t]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed."State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 61; State v.Evans, 67 Ohio St.3d 405, 413, 1993-Ohio-186.
 {¶ 17} Further, we find that Officer Boyle's seizure of the objects from appellant's jacket pocket does not violate the "plain feel" doctrine. According to the "plain feel" doctrine, when an officer feels an object during a pat-down, and the incriminating character of the object is "immediately apparent" from the way it feels, the officer may seize the object. State v. Kursim, Clermont App. No. CA2002-04-034, 2002-Ohio-6880, ¶ 15, citing Minnesota v. Dickerson (1993),508 U.S. 366, 375-376, 113 S.Ct. 2130. However, the officer need not be certain of the incriminating character of the object. Kursim at ¶ 15, citingState v. Woods (1996), 113 Ohio App.3d 240, 244. "The `immediately apparent' requirement is satisfied if the officer has probable cause to associate the object with criminal activity, based on the totality of the surrounding circumstances." Id., State v. Lee (1998),126 Ohio App.3d 147, 151.
 {¶ 18} In addition, the "plain view" doctrine authorizes the seizure of contraband without a warrant if the initial intrusion leading to discovery of the object was lawful and the incriminating or illegal nature of the items was immediately apparent. State v. Landis, Butler App. No. CA2005-10-428, 2006-Ohio-3538, ¶ 29, citing Horton,496 U.S. at 128-129.
 {¶ 19} After reviewing the record, including the facts discussed above, we find that while the initial encounter between appellant and Officer Boyle was consensual, the encounter provided Officer Boyle with reasonable suspicion that appellant was involved in drug trafficking, and that he might be armed. At that point, Officer Boyle then was permitted to conduct the pat-down. Further, we find that when Officer Boyle felt a knife and a bulge *Page 7 
while conducting a pat-down, he had probable cause to associate these items with drug trafficking, based on the totality of the circumstances.
 {¶ 20} Moreover, while the bulge was in appellant's pocket, Officer Boyle stated he could see that it was a plastic bag containing white powder without pulling it out of his pocket. Accordingly, we find that the bag was in plain view.
 {¶ 21} Appellant's assignment of error is overruled.
{¶¶ 22} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1