OPINION
{¶ 1} Tawayne Palmer was indicted in the Montgomery County Court of Common Pleas for possession of crack cocaine. After his motion to suppress evidence was overruled, he entered a plea of no contest and was found guilty. Palmer appeals from his conviction based on the denial of his motion to suppress evidence. *Page 2 
 {¶ 2} At the suppression hearing, Dayton Police Officer Jason Barnes testified on behalf of the state. He stated that, while on patrol on Wednesday, January 11, 2006, around 10:40 p.m., he and his partner had been approached by a driver ("the informant") who asked if they were responding to burglary in progress at his property, 854 Mia Avenue. The officers were familiar with that call. The informant then identified himself, told the officers that he was the owner of the vacant house at 854 Mia, and informed the officers that drug dealers and homeless people had been breaking into the vacant structure. The informant asked for the officers' help and described to them a suspected drug dealer whom he had just seen at the residence, prompting the call to the police. According to the informant, the person in question regularly sold drugs in the vicinity of the vacant house and ran into the house to hide when police entered the area. He described the man as a black male in his mid-30s wearing a black hooded coat with fur around the hood.
 {¶ 3} Very shortly thereafter, Officer Barnes and his partner observed a man matching the description in an A B Stop Rite parking lot near 854 Mia Avenue. The man, Palmer, was talking with the occupants of a black Honda. The A B Stop Rite was closed at the time, and the area was known for a high rate of crime and drug activity. The officers approached Palmer and asked him a few questions. Palmer was unable to produce identification, but he gave the officers his name and Social Security number. When the officers entered this information into their computer, they discovered that Palmer had been "trespassed" from the AB Stop Rite and that the owner wanted him arrested if he was found on the property. The officers arrested Palmer for criminal trespass and took him to jail. Crack cocaine was subsequently found on his person. *Page 3 
 {¶ 4} Palmer was charged with possession of crack cocaine in an amount less than one gram, a felony of the fifth degree. He filed a motion to suppress all evidence obtained during the stop and search on the ground that there was "no probable cause to stop Palmer and there was no reasonable articulable suspicion to support a Terry stop." He also claimed that there were no exigent circumstances to justify a warrantless search.[1] The trial court was unpersuaded by these arguments and overruled the motion to suppress. Palmer subsequently pled no contest to the charge and was found guilty. He was sentenced to nine months of imprisonment and his driver's license was suspended.
 {¶ 5} Palmer raises one assignment of error on appeal.
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS EVIDENCE."
 {¶ 7} Palmer argues that the police lacked a reasonable articulable suspicion to stop him because the information provided by the "unknown homeowner" was unreliable and did not demonstrate exigent circumstances. He also argues that he should not have been searched without a warrant.
 {¶ 8} We will begin with Palmer's argument that the information provided by the "unknown homeowner" did not bear sufficient indicia of reliability to warrant a Terry stop. Pursuant to Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, police officers may briefly stop individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity has occurred or is about to occur. State *Page 4 v. Martin, Montgomery App. No. 20270, 2004-Ohio-2738, at ¶ 10, citingTerry, supra; State v. Molette, Montgomery App. No. 19694,2003-Ohio-5965, at ¶ 10. This investigatory detention, or "Terry stop", is more intrusive than a consensual encounter, but less intrusive than a formal custodial arrest. An investigatory detention is limited in duration and purpose and can last only as long as it takes a police officer to confirm or to dispel his suspicions. Terry, supra. A "[r]easonable suspicion entails some minimal level of objective justification for making a stop-that is, something more than an inchoate and unparticularized suspicion or `hunch,' but less than the level of suspicion required for probable cause." State v. Jones (1990),70 Ohio App.3d 554, 556-57, 591 N.E.2d 810.
 {¶ 9} In this case, the officers had contact with the person who had called the police and who owned the nearby property at which some criminal activity was alleged to have taken place. This person was not the type of anonymous informant that is presumed to be unreliable without police corroboration, because he was known to the police, or could have easily been identified by them, as the owner of the home at 854 Mia Avenue. State v. English (1993), 85 Ohio App.3d 471,620 N.E.2d 125. This individual provided the officers with a description of a person involved in drug dealing on the street, and Palmer, who fit the description, was located nearby. We note that the description of Palmer's coat, in particular, was quite specific. Moreover, Palmer was in the parking lot of a closed business in a high crime area talking to the occupants of a car, which, given the circumstances, was itself suggestive of drug dealing. Under these circumstances, the officers had a reasonable, articulable suspicion of criminal activity that justified a brief investigatory stop. After obtaining information about Palmer's identification, the officers learned that the owner of the A B Stop Rite had requested that Palmer be arrested *Page 5 
for trespassing if he was found on the premises. This information gave the officers probable cause to arrest Palmer. See State v. Davis, Lorain App. No. 03CA008228, 2003-Ohio-5900, at ¶ 22. Because the officers lawfully arrested Palmer, the subsequent search of his person, which revealed the crack cocaine, was justified under the search warrant exception for a search incident to a lawful arrest. See United States v.Robinson (1973), 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427, syllabus;State v. Wilcox, Montgomery App. No. 18908, 2002-Ohio-276.
 {¶ 10} Under the circumstances presented, the trial court did not err in refusing to suppress the evidence obtained from the search incident to Palmer's arrest.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
FAIN, J. and DONOVAN, J., concur.
[1] Palmer's motion also sought to suppress statements he allegedly made on the ground that he had not been informed of his Miranda rights, but no statements were offered into evidence against him. *Page 1