[Cite as *State v. Price*, 2013-Ohio-2020.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :        C.A. CASE NO.     25362

v.                               :        T.C. NO.     11CR3627

RICHARD M. PRICE, II             :        (Criminal appeal from
                                        Common Pleas Court)

    Defendant-Appellant          :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the      17th      day of      May     , 2013.

. . . . . . . . . .

JOSEPH R. HABBYSHAW, Atty. Reg. No. 0089530, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

NICHOLAS G. GOUNARIS, Atty. Reg. No. 0064527, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}** After the trial court overruled his motion to suppress evidence,

Richard M. Price, II was found guilty on his no contest plea in the Montgomery County Court of Common Pleas of one count of possession of heroin, a felony of the fifth degree. Price was sentenced to community control sanctions for a period not to exceed five years. Price appeals from his conviction, claiming that the trial court erred in denying his motion to suppress. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} On November 22, 2011, at approximately 10:30 p.m., Dayton Police Officer Justin Saunders stopped a white pick-up truck on southbound Finley Avenue for failing to stop at a stop sign. As Saunders approached the car, he saw the driver "reach with his left hand into his right waist band." This behavior caused Saunders to be concerned that the driver, Price, had a weapon. Saunders testified that this particular area was known for "high prostitution" and "a lot of gun calls" and weapons complaints, and that he had made three arrests for carrying concealed weapons in this area. Saunders thought that Price's movements indicated an attempt to conceal or retrieve a weapon.

{¶ 3} Saunders ordered Price to put his hands on the steering wheel and then to step out of the vehicle. Price complied, but he again began to reach toward his right waistband. Saunders immediately grabbed Price's arm and felt his waistband. Saunders felt a plastic baggie containing gelcaps, which was "three quarters exposed" and "almost to the point where it was ready to fall on the ground." Based on his experience, Saunders believed that the gelcaps contained heroin. He removed the baggie and arrested Price.

{¶ 4} Prior to towing Price's truck, officers conducted an inventory search, during which they found a green plastic bag containing a spoon with residue and syringes.

{¶ 5} Price was charged with possession of heroin and drug paraphernalia. He

filed a motion to suppress the evidence found on his person and in his truck and any subsequent statements he had made to the police. After conducting a hearing on the motion, the trial court overruled it. Price subsequently pled no contest to possession of heroin, in exchange for which the drug paraphernalia charge was dismissed. The trial court found Price guilty of possession of heroin and sentenced him to community control.

{¶ 6} Price raises one assignment of error on appeal, arguing that the trial court erred in overruling his motion to suppress. He contends that the search conducted outside of his truck was not a proper pat down search in that it was not limited to a pat down of his outer clothing. He also claims that Officer Saunders did not testify that it was immediately apparent to him that the item seized from Price's waistband was contraband.

{¶ 7} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A traffic stop by a law enforcement officer must comply with the Fourth Amendment's reasonableness requirement. *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

{¶ 8} A police officer may stop and detain a motorist when he observes a violation of the law, including any traffic offense, and no independent reasonable and articulable suspicion of other criminal activity is required. *State v. Brown*, 2d Dist. Montgomery No. 20336, 2004-Ohio-4058, ¶ 11. A police officer may also require that the occupant(s) of a motor vehicle exit the vehicle pursuant to a stop for a traffic violation because of the legitimate safety concerns of both the officer and the occupant(s). *Pennsylvania v. Mimms*, 434 U.S. 106, 109-11, 98 S.Ct. 330, 54 L.Ed.2d 331(1977); *State v.*

*Evans*, 67 Ohio St.3d 405, 407-08, 618 N.E.2d 162 (1993).

{¶ 9} "Authority to conduct a patdown search for weapons does not automatically flow from a lawful stop[.]" *State v. Stewart*, 2d Dist. Montgomery No. 19961, 2004-Ohio-1319, ¶ 16. Once a lawful stop has been made, the police may conduct a limited protective search for concealed weapons if the officer reasonably believes that the suspect may be armed or a danger to the officer or to others. *State v. Evans*, 67 Ohio St.3d 405, 408, 618 N.E.2d 162 (1993); *State v. Molette*, 2d Dist. Montgomery No. 19694, 2003-Ohio-5965, ¶ 13. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence * * *." *Evans* at 408, quoting *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

{¶ 10} Under the plain feel doctrine, an officer conducting a patdown for weapons may lawfully seize an object if he has probable cause to believe that the item is contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *State v. Phillips*, 155 Ohio App.3d 149, 2003-Ohio-5742, 799 N.E.2d 653, ¶ 41-42 (2d Dist.). The "incriminating character" of the object must be "immediately apparent," meaning that the police have probable cause to associate an object with criminal activity. *Dickerson*, 508 U.S. at 375; *State v. Buckner*, 2d Dist. Montgomery No. 21892, 2007-Ohio-4392.

{¶ 11} In reviewing the trial court's ruling on a motion to suppress, we accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Olden*, 2d Dist. Montgomery No. 23137, 2010-Ohio-215, ¶ 21. But we "'independently determine, as a matter of law, whether the facts meet the appropriate legal standard.'" *Id.*,

at ¶ 21, quoting *State v. Morgan*, 2d Dist. Montgomery No. 18985, 2002-Ohio-268.

{¶ 12}   Officer Saunders testified that, as he approached Price's vehicle, he saw Price "reach with his left hand into his right waist band."   This observation caused Saunders to fear that Price had a weapon.   Saunders ordered Price to put both hands on the steering wheel and then to step out of the truck.   According to Saunders, when Price exited the truck, "[h]e immediately turned his back to me.   He stiffened his upper body up, took his right hand and reached once again toward the right side of his waistband."   Saunders grabbed Price's hand and felt his waistband in order to determine "whatever object he was reaching for[,] in fear that it was a weapon."   Saunders further testified that he felt a plastic baggie and capsules "[d]irectly inside" Price's waistband.    Saunders later clarified that he "felt at [Price's] waistband" or placed his hand on the waistband.

{¶ 13}   Price argues that Saunders "actually went inside Mr. Price's waistband," rather than simply patting the waistband.   But the record does not compel this conclusion. Saunders testified that he felt gelcaps inside Price's waistband and that most of the plastic baggie was outside the waistband; he did not testify that his hand was inside the waistband. The trial court could have reasonably concluded that Saunders had not reached inside the waistband in determining what Price was carrying in his waistband.

{¶ 14}   Price also argues that, by Saunders's own admission, Saunders improperly "skipped" the permitted pat down search for weapons and "immediately reached inside Mr. Price's waistband."   However, Saunders's testimony established that, immediately after Price was ordered out of the vehicle, Price reached toward his waistband in a way that concerned Saunders.   Saunders did not "get a chance" to conduct a thorough frisk for

weapons before Price's movements caused concern, for the second time, about whether a weapon might be concealed in his waistband. Under these circumstances, Saunders's focus on Price's waistband did not indicate a failure to conduct a valid pat down; it simply indicated the area of greatest concern. Saunders did not act improperly in focusing his initial pat down on the waistband.

{¶ 15} Finally, Price argues that Saunders did not testify that it was "immediately apparent" to him that the baggie contained contraband. Although Saunders did not use these words, his testimony left no doubt that, upon feeling the gelcaps in the plastic baggie at Price's waist, he immediately concluded that the items were contraband. Saunders was an experienced police officer, and he testified that, in his mind, gelcaps are "strictly associated with heroin," that he had never seen gelcaps containing an over-the-counter medication, and that he believed "100 percent" that the gelcaps contained an illegal substance. Saunders's testimony made clear that the probable illegal nature of the gelcaps was immediately apparent to him.

{¶ 16} In its decision overruling the motion to suppress, the trial court concluded that Saunders had a reasonable, articulable suspicion that Price was armed and that this suspicion justified the pat down. It also concluded that Saunders's knowledge of the widespread use of baggies and gelcaps to transport heroin and his belief that he felt gelcaps in the baggie at Price's waistband provided probable cause and justified the seizure of the baggie. The trial court's factual conclusions are supported by competent, credible evidence, and it did not err in refusing to suppress the State's evidence.

{¶ 17} The assignment of error is overruled.

**{¶ 18}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to

Joseph R. Habbyshaw
Nicholas G. Gounaris
Hon. Michael W. Krumholtz